387 So.2d 385 (1980)
Forrest J. KILLIAN, III, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1618.
District Court of Appeal of Florida, Second District.
June 25, 1980.
Rehearing Denied September 9, 1980.
Jack O. Johnson, Public Defender, and Michael S. Becker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, and G.P. Waldbart, Legal Intern, for appellee.
GRIMES, Chief Judge.
By this appeal, appellant challenges the trial court's reading of the Youthful Offender Act.
The state charged appellant with nine felonies and three misdemeanors. The charges were consolidated for trial, and he pled guilty to all of them. The court adjudicated him guilty and ordered a pre-sentence investigation. Because he was between eighteen and twenty-one years old and had no prior record, appellant moved to be sentenced in accordance with the Youthful Offender Act, Section 958.04, Florida Statutes (Supp. 1978). This statute reads, in part, as follows:
(1) The court may classify as a youthful offender any person:

*386 (a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
(3) A person excluded from classification as a youthful offender under subsection (2) by virtue of having been previously found guilty of a crime which if committed in Florida would be a felony of the first, second, or third degree under the laws of this state may be classified a youthful offender after consideration of the following criteria ...
The court refused to sentence appellant under the act, and appellant instituted this appeal, contending that he had a right to be sentenced as a youthful offender.
Despite the discretionary language of subsection (1), the clear mandate of subsection (2) is that if a person meets the criteria of subsection (1) and has not previously been found guilty of a felony or adjudicated delinquent for an act which would be more than a second degree felony, he is entitled, as a matter of right, to be sentenced as a youthful offender. The state, however, contends that the court was not required to sentence appellant under the Youthful Offender Act because by the time of sentencing on each of the charges, appellant had already been convicted of all the other felony charges which had been consolidated for trial.
Appellant refers to subsequent offender statutes, such as Section 775.084, Florida Statutes (1979), which courts have consistently construed as requiring that each subsequent offense be committed after the prior conviction. E.g., Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979). The rationale for enhancing a sentence for subsequent offenders is said to be to give a warning to first offenders and thereby afford them an opportunity to reform. Karz v. State, 279 So.2d 383 (Fla.2d DCA 1973).
On the other hand, the state suggests the applicability of Lucas v. State, 376 So.2d 1149 (Fla. 1979), in which the court was considering the eligibility of certain crimes to be considered as aggravating factors under Section 921.141(5)(b), Florida Statutes (1975), for the purposes of assessing the death penalty. There, the defendant had attempted to murder two other persons a few minutes after the commission of the subject murder. The supreme court held that even though the two convictions for attempted murder were entered contemporaneously with the murder conviction, both had been entered "previous" to sentencing. Thus, the court had appropriately considered the two attempted murder convictions as an aggravating circumstance.
The instant case is analogous to Lucas. There is nothing to indicate that the possibility of not being sentenced as a youthful offender was contemplated as being a deterrent to criminal conduct. To the contrary, the legislative intent of the Florida Youthful Offender Act as expressed in Section 958.021, Florida Statutes (Supp. 1978), is as follows:
The purpose of this act is to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by preventing their association with older and more experienced criminals during *387 the terms of their confinement. It is the further intent of the Legislature to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society.
The act is a sentencing tool which enables the court to give the most appropriate sentence to each particular person in each particular case.
Accordingly, we hold that appellant had "previously been found guilty of a felony" as specified in Section 958.04(2)(a), Florida Statutes (Supp. 1978), when the court sentenced him for each of the crimes involved in this appeal. While subsection (3) would have authorized the court to sentence appellant as a youthful offender, there was nothing in that subsection or elsewhere in the act which required it to do so. Hence, the court properly pronounced sentence without regard to the Youthful Offender Act.
AFFIRMED.
HOBSON and SCHEB, JJ., concur.