392 So.2d 1335 (1980)
Tyrone GOODSON, Appellant,
v.
STATE of Florida, Appellee.
No. PP-126.
District Court of Appeal of Florida, First District.
August 14, 1980.
Rehearing Denied October 27, 1980.
Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Goodson moved to correct an illegal sentence after he was sentenced to two fifteen-year *1336 consecutive sentences for two counts of armed robbery. Fla.R.Crim.P. 3.800(a). He alleged that the trial court erred in failing to classify him as a youthful offender under the guidelines of section 958.04(2), Florida Statutes (Supp. 1978) after he had requested such classification at his sentencing hearing. We affirm on a ground not relied upon below.
The trial court based its order denying relief upon a construction that classification under the Youthful Offender Act was discretionary in all instances. It is clear that this section is indeed mandatory. Subsection (1) delineates certain eligibility requirements which must be met before the trial court is permitted to classify an individual as a youthful offender. If these criteria are met and the criteria of subsection (2) are met, "a person shall be classified a youthful offender. [Emphasis added.]" The word "shall," as used in statutes, is usually intended to be mandatory rather than directory. Holloway v. State, 342 So.2d 966 (Fla. 1977). The interpretation depends upon the context in which it is found. S.R. v. State, 346 So.2d 1018 (Fla. 1977). Not only does the context show the legislature intended to provide both discretionary and mandatory sentencing; but, committee reports on the bill support this conclusion.[1] The legislative intent expressed in section 958.021 does not require a different result because, as indicated there, classification as a youthful offender may offer a discretionary sentencing alternative in cases where a child prosecuted as an adult needs a more restrictive environment than that available under chapter 39. See §§ 39.111(1), (5)(b), and (6). However, in the context of providing a sentencing alternative to traditional adult sanctions, section 958.04(2) mandates youthful offender classification if the criteria are met. We note that recognizing youthful offender sentencing as an adult sanction is implicit in State v. Cain, 381 So.2d 1361 (Fla. 1980), a consolidated case concerning transfers for adult prosecution pursuant to informations filed by the state attorney. The court explained:
[E]ven when a juvenile is convicted in adult court he is still given special treatment as a juvenile. Before imposing judgment, the trial court must conduct a disposition hearing to determine whether juvenile or adult sanctions are appropriate. § 39.02(6), Fla. Stat. (Supp. 1978) ... [I]f adult sanctions are imposed against a juvenile, he may still enjoy the benefit of the youthful offender act under chapter 958 of the Florida Statutes.
381 So.2d at 1367.
We also reject appellee's contention that because Goodson was charged initially by indictment, he was not "transferred" for purposes of qualifying for youthful offender classification under chapter 958. On this point, we respectfully disagree with Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980) (holding indicted child not within purview of chapter 958). Not only do we think the statutes at issue require a contrary conclusion, but, we perceive some problems if we were to adopt such a construction. Initially, we note that denying an indicted child the benefits of the Youthful Offender Act could result in unacceptable disparate treatment. Section 598.04(1)(a), the eligibility requirement in controversy, states:
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39. [Emphasis supplied.]
An examination of chapter 958 in its entirety shows that eligibility is extended not only to transferred children, but to young adults committing crimes between the ages of 18 and 21. § 958.04(1)(b). Chapter 958 makes no distinctions between treatment *1337 accorded indicted persons and other persons. Thus, it appears if we were to accept the Postell rationale, under the disjunctive language in section 958.04(1)(a) above, a 13-year-old indicted child would be ineligible for youthful offender treatment, (Postell, supra) whereas a 19-year-old indicted person, never within the scope of chapter 39, would be eligible. We do not think the legislature could intend this result.
As we understand Postell, it states that because section 39.111(6) is explicitly referred to in the waiver provisions of section 39.02(5)(a) but isn't mentioned in the indictment provisions of section 39.02(5)(c), this evinces a legislative intent to sentence an indicted child strictly as an adult. However, section 39.02(5)(d) and (6) reveal the error in this reasoning as follows:
[§ 39.02(5)](d) Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information and has been found to have committed the offense for which he is transferred or a lesser-included offense, a child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
[§ 39.02](6) When a child has been transferred for criminal prosecution as an adult and the child has been found to have committed a violation of Florida law, the disposition of the case shall be made pursuant to s. 39.111(6). [Emphasis supplied.]
Subsection (5)(d), clearly referring to "indictment," means that an indicted child, whether or not an earlier petition has been filed,[2] is to be considered as though "transferred for criminal prosecution." Logically, subsection (6) provides that such a transferred child (whether waived or indicted or informed against) is protected by section 39.111(6). Regarded in this manner, all children convicted of criminal violations will be subject to the same statutory sentencing procedures and any disparity in treatment as perceived in Postell is avoided. To construe these sections otherwise makes subsection (6) redundant and meaningless because the preceding subsection (5)(a), as noted above, explicitly provides for section 39.111(6) treatment in waiver cases.[3] Thus interpreted, both an indicted child and a waiver child are subject to section 39.111(6) and, depending upon individual facts, both may be subject to juvenile sanctions or adult sanctions, including treatment under the Youthful Offender Act. See generally State v. Cain, supra; section 39.111(5)(b).[4]
Thus, although a child, whether indicted, informed against, or otherwise waived over to adult court, will in most respects be treated as if an adult,[5] chapters 39 and 958 clearly provide some limitations as to the manner and extent of sentencing such persons as adults.
Although we have rejected the foregoing points raised to sustain the order, we find merit to the proposition that appellant does not qualify for treatment under the mandatory provisions because he has previously been found guilty of a felony. § 958.04(2)(a). Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980).[6]
Goodson was adjudicated guilty of two robberies based on previous pleas of guilty. Thereafter, he was sentenced on both charges. Thus at the time of sentencing, he *1338 had been previously found guilty of a felony other than the felony qualifying him under the act.[7]
We think it appropriate to find that "previously ... found guilty of a felony" refers to any adjudication taking place before sentencing, not before the adjudication of the qualifying felony. Lucas v. State, 376 So.2d 1149, 1152-1153 (Fla. 1979) (holding that "previously convicted ... of a felony involving the use or a threat of violence to the person" included felony convictions entered contemporaneously with a murder, because both were entered "previous" to sentencing and therefore appropriately considered as an aggravating circumstance); Killian, supra. This interpretation thus comports with the rehabilitative purposes of the act. The scheme of the act indicates the legislature contemplated mandatory classification for young persons committing their first and only felony. Otherwise, the legislature has wisely provided for discretionary sentencing, with the court considering, among other things, the likelihood of reasonable rehabilitation and whether classification would reflect the seriousness of the offense, promote respect for law, and provide just punishment. § 958.04(3)(f), (g). It is difficult, if not impossible, to conclude that the legislature would provide for mandatory classification considering the serious nature of the felonies committed here.
AFFIRMED.
MILLS, C.J., and BOOTH, J., concur.

ON MOTIONS FOR REHEARING AND REQUEST FOR CERTIFICATION
McCORD, Judge.
We adhere to our original opinion, rejecting the state's argument that chapter 80-321, Laws of Florida, deleting mandatory classification, in any way indicates the legislature intended section 958.04(2), Florida Statutes (Supp. 1978) to be discretionary when initially enacted.
However, we agree that our opinion passes upon several questions of great public importance and we hereby certify those questions so that the Supreme Court may have an opportunity to review them. Fla. R.App.P. 9.030(a)(2)(A)(v).
1. Does section 958.04(2), Florida Statutes (Supp. 1978) provide for mandatory classification if certain statutory prerequisites are satisfied?
2. Is a child charged by indictment considered "transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39" so as to qualify for youthful offender classification under section 958.04(1)(a), Florida Statutes (Supp. 1978)?
3. If question 1 is answered in the affirmative, is a person excluded from mandatory classification under section 958.04(2)(a), Florida Statutes (Supp. 1978) when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
Questions certified; rehearing denied.
MILLS, C.J., and BOOTH, J., concur.
NOTES
[1] See particularly, "A Report Submitted to the House Committee on Corrections, Probation and Parole," May 10, 1978, concerning CS for CS/SB 165. Other records of interest are in the files of the House and Senate Committees on Corrections. Probation and Parole.
[2] Chapter 78-414, Laws of Florida, effective October 1, 1978, amending § 39.02(5)(c), inserted a new phrase, "when an indictment is returned, the petition for delinquency, if any, shall be dismissed." Thus, the legislature contemplated the situation sub judice involving an indictment returned before the filing of a petition.
[3] Notably, chapter 78-414, amending the waiver provisions of § 39.02(5)(a) to refer to § 39.111(6), simultaneously added subsections (5)(d) and (6).
[4] Of course, youthful offender treatment would be denied any child, indicted or not, if convicted of a capital or life felony. § 958.04(1)(c).
[5] State v. Cain, supra, and cases cited in Postell v. State, supra.
[6] The parties filed supplemental briefs on this issue upon our request.
[7] We find no distinction between adjudications preceding the sentencing by days and those preceding the sentencing by moments.