393 So.2d 557 (1980)
Timothy Wayne BARNHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1880.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
On Rehearing February 18, 1981.
*558 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, and James K. Green, of Brown & Green, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paul H. Zacks and Stewart J. Bellus, Asst. Attys. Gen., West Palm Beach, for appellee.
WETHERINGTON, GERALD T., Associate Judge.
This appeal raises questions of construction of the Youthful Offender Act, Section 958.04, Florida Statutes (1979), which reads in part as follows:
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
(3) A person excluded from classification as a youthful offender under subsection (2) by virtue of having been previously found guilty of a crime which if committed in Florida would be a felony of the first, second or third degree under the laws of this state may be classified a youthful offender after consideration of the following criteria...
The appellant entered no contest pleas to charges of kidnapping and attempted first degree murder committed during one criminal episode against the same victim. On the kidnapping charge, the court held that since the appellant had no prior criminal record and met the criteria of subsection (1) of the section of the Youthful Offender Act quoted above, he was required under subsection (2) thereof to be sentenced as a youthful offender. He was accordingly sentenced on the kidnapping charge to four (4) years incarceration and two (2) years in a community control program-the maximum allowed under the Youthful Offender Act.
*559 On the attempted first degree murder charge, the court sentenced the appellant to 20 years imprisonment, to run concurrently with the sentence on the kidnapping charge. The court held that appellant's kidnapping conviction constituted a previous felony conviction which disqualified him from mandatory youthful offender treatment under the language of subsection (2)(a) above, which denies mandatory youthful offender treatment to a defendant who has "previously been found guilty of a felony."
Appellant contends first that subsection (2) above provides for mandatory youthful offender classification for defendants who satisfy its criteria and next, that his kidnapping conviction entered shortly before his attempted murder conviction was not a previous felony conviction within the meaning of subsection (2)(a) above. Therefore, he concludes, the trial court was required to classify him as a youthful offender on the attempted murder charge and committed error in refusing to do so.
We agree with appellant's first contention. As stated in Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980):
Despite the discretionary language of subsection (1), the clear mandate of subsection (2) is that if a person meets the criteria of subsection (1) and has not previously been found guilty of a felony or adjudicated delinquent for an act which would be more than a second degree felony, he is entitled, as a matter of right, to be sentenced as a youthful offender. Id. at 386.
Accord: Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980).
Appellant's next contention is that his kidnapping conviction entered before his attempted murder conviction was not a previous felony conviction under subsection (2)(a) above. Appellant asserts that the holding and reasoning in Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979), should be applied in construing subsection (2)(a). In Shead, the court held that two convictions entered on the same day must be treated as one conviction under the habitual criminal statute, Section 775.084, Florida Statutes (1979). This holding was based upon the court's construction of the purpose of the habitual criminal statute as being to provide enhanced punishment for habitual criminals who persist in engaging in criminal conduct after being previously convicted and punished for the commission of a crime.
If the holding and reasoning in Shead were applied in construing subsection (2)(a), then a defendant who committed a series of felonies before being apprehended would be required to be sentenced as a youthful offender on all charges if he pled guilty or was convicted of them on the same day. This result would clearly be unreasonable and has been rejected in Killian v. State, supra.
The defendant in Killian was charged with nine (9) felonies and three (3) misdemeanors apparently arising out of a number of criminal episodes. The charges were consolidated for trial, and the defendant pled guilty to all of them. The court refused to sentence him under the Youthful Offender Act.
On appeal, the Second District Court of Appeal affirmed. The court correctly held that the purpose of the Youthful Offender Act is to provide the court with a "sentencing tool which enables the court to give the most appropriate sentence to each person in each particular case." The court further held that this purpose is different than the purpose of the habitual criminal statute as stated in Shead, and consequently, the holding and reasoning in Shead is inapplicable to the construction of the Youthful Offender Act. The court thus held that,
appellant had "previously been found guilty of a felony" as specified in Section 958.04(2)(a), Florida Statutes (Supp. 1978), when the court sentenced him for each of the crimes involved in this appeal.
The holding in Killian is supported by the analogous holding of the Florida Supreme Court in Lucas v. State, 376 So.2d 1149 (Fla. 1979), in which the defendant appealed his conviction and death sentence for first degree murder. Within a few minutes after murdering one person, the defendant attempted to murder two other persons. He was contemporaneously convicted of the two counts of attempted murder and the *560 count of murder in the first degree. The trial judge considered the attempted murder convictions as an aggravating factor under the death penalty statute, Section 921.141(5)(b), Florida Statutes (1975), which listed as an aggravating factor:
(b) The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person.
In affirming the holding of the trial judge on this point, the court stated as follows:
It is true that the two felony convictions were entered contemporaneously with the conviction of murder in the first degree, but both were entered "previous" to sentencing and were therefore appropriately considered by the trial judge as an aggravating factor.
The appellant has argued that the situation in Killian is distinguishable from the situation in the instant case on the ground that Killian involved the commission of felonies during more than one criminal episode. This argument is unpersuasive. The law recognizes no distinction between the commission of kidnapping and attempted murder in one criminal episode or in two. In both cases, the crimes constitute separate felonies and are subject to the same punishment whether committed in one criminal episode or more.
It should also be observed that the construction of subsection (2)(a) of Section 958.04, Florida Statutes (1979) contended for by appellant would lead to an illogical result in the present case. The trial judge held that the appellant was deserving of the maximum split sentence of six (6) years allowed under the Youthful Offender Act on the kidnapping charge. If appellant's argument were accepted, he would go unpunished for committing attempted murder. Such an illogical intent cannot be properly imputed to the legislature.
The conclusion that we reach herein has also been reached in Goodson v. State, 392 So.2d 1335 (Fla.App. 1st DCA 1980). The court in Goodson stated that:
"Goodson was adjudicated guilty of two robberies based on previous pleas of guilty. Thereafter, he was sentenced on both charges. Thus, at the time of sentencing, he had been previously found guilty of a felony other than the felony qualifying him under the act.
.....
The scheme of the act indicates the legislature contemplated mandatory classification for young persons committing their first and only felony. Otherwise, the legislature has wisely provided for discretionary sentencing, with the court considering, among other things, the likelihood of reasonable rehabilitation and whether classification would reflect the seriousness of the offense, promote respect for law, and provide for just punishment." Id. at 1338.
We therefore hold that a defendant who has been found guilty of more than one felony at the time of sentencing is disqualified from mandatory youthful offender classification under subsection (2) of Section 958.04, Florida Statutes (1979). Such defendant, however, may be sentenced as a youthful offender in the discretion of the court after consideration of the criteria set forth in subsection (3) of Section 958.04, Florida Statutes (1979).
Under this holding, the trial judge was not required to sentence the appellant as a youthful offender on either the kidnapping conviction or the attempted first degree murder conviction, since the appellant had been found guilty of two felonies at the time of sentencing.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.

ON REHEARING
We adhere to our original opinion. It has been called to our attention by way of petition for rehearing that the court in Goodson v. State, 392 So.2d 1335 (Fla.App. 1st DCA 1980) relied on in our opinion, has, on rehearing, certified the following question to the Florida Supreme Court:
[I]s a person excluded from mandatory classification under section 958.04[2][a], Florida Statutes (Supp. 1978) when prior *561 to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
Appellant suggests that we do the same, rewording the question to include a facet of the instant case not present in Goodson; that is, by adding at the end of the question the phrase "arising from the same criminal episode." We originally held, and we reiterate, that there is no judicially cognizable distinction in this context between two felonies committed on different days and two felonies arising out of the same criminal episode. We therefore decline to add the suggested language but in order to preserve appellant's rights we certify the following question to the Supreme Court of the State of Florida as one of great public interest:
[I]s a person excluded from mandatory classification under section 958.04[2][a], Florida Statutes (Supp. 1978) when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
HERSEY and GLICKSTEIN, JJ., concur.