PER CURIAM.
Appellant, Westmoreland, appeals from a judgment and sentence rendered below, wherein he received twenty years for second degree murder, alleging the trial court erred in failing to sentence him as a youthful offender. We agree with appellant and reverse.
Appellant was initially charged by information with murder in the second degree in September, 1979, only to have this trial terminated by a mistrial. Subsequently, in December, 1979, appellant was charged by indictment with murder in the first degree. This second charge arose out of the same homicide alleged in the September, 1979 information.
Westmoreland entered a plea of nolo con-tendere to the lesser included offense of murder in the second degree and was sentenced to a term of twenty years in prison.
Chapter 958 was amended by the legislature in 1980. However, it should be examined as it read when the alleged crime took place.
Section 958.04(1), Florida Statutes (1979) read as follows:
*991 (1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the Circuit Court pursuant to Chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant’s 21st birthday; and
(c) Who has not previously been classified as a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified as a youthful offender under this act.
Section 958.04(2), Florida Statutes (1979), read as follows:
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
The court, in Killian v. State, 387 So.2d 385 (Fla. 2nd DCA 1980), commented on whether Chapter 958, as it was prior to the 1980 amendment, demanded mandatory or discretionary application. The Court there stated:
Despite the discretionary language of subsection (1), the clear mandate of subsection (2) is that if a person meets the criteria of subsection (1) and has not previously been found guilty or adjudicated delinquent for an act which would be more than a second degree felony, he is entitled, as a matter of right, to be sentenced as a youthful offender.
In Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), rehearing denied (Fla. 1st DCA 1980), opinion filed October 27, 1980 [1980 F.L.W. 2043], this court held that § 958.04, Florida Statutes (Supp.1978), is mandatory if all the criteria found in subsections (1) and (2) are met. Accord: Dixon v. State, 403 So.2d 428 (Fla. 1st DCA 1981).
This court determines that as appellant was within the statutory provisions of Florida Statute § 958.04(1) and (2), in that he was between eighteen and twenty-one, had no prior felony convictions as an adult, nor any delinquent acts which would bar his classification as a youthful offender, that the trial court erred in failing to sentence appellant as a youthful offender.
The sentence is REVERSED and REMANDED for further proceedings and reconsideration in light of this opinion.
McCORD, SHIVERS and JOANOS, JJ., concur.