PER CURIAM.
Abram appeals two judgments and corresponding sentences rendered pursuant to *993 two jury verdicts. Appellant was found guilty of burglary of a dwelling on the first verdict and involuntary battery on the second. Both offenses occurred during the same criminal episode. At the same sentencing hearing, the trial court first adjudicated Abram guilty of burglary of a dwelling[1] and sentenced him as an adult to 15 years imprisonment. Moments later, the trial court adjudicated Abram guilty of involuntary sexual battery, and again sentenced him as an adult to 15 years imprisonment. The two sentences imposed were to run concurrently. Abram was 18 years old at the time of the sentencing. Prior to his trial he had not been previously found guilty of a felony, nor had he been previously classified as a youthful offender under Section 958.04, Florida Statutes (1979), nor had he been “adjudicated delinquent for an act which would be a capital, life, or first-degree felony if committed by an adult.” Section 958.04(2)(b).
We reverse the first sentence since Abram met all the criteria required to be classified as a youthful offender. § 958.-04(2), Fla.Stat. (1979). The trial court had a mandatory obligation to sentence Abram as a youthful offender on the first verdict since Abram had not yet been convicted on the second offense. But cf. Goodson v. State, 392 So.2d 1335 (Fla.1st DCA 1980); Barnhill v. State, 393 So.2d 557 (Fla.4th DCA 1980).[2]
The second sentence was correctly imposed. Abram had been “previously found guilty of a felony” within the meaning of Section 958.04(2)(a) by virtue of the first adjudication for burglary of a dwelling. See Killian v. State, 387 So.2d 385 (Fla.2d DCA 1980); Goodson v. State, supra; Barnhill v. State, supra. A defendant who has been found guilty of more than one felony at the time of sentencing is not entitled to a mandatory classification as a youthful offender even though multiple convictions arise out of a single episode. Barnhill v. State, supra.
On rehearing the Barnhill court certified the identical issue to the Florida Supreme Court. Barnhill v. State, 393 So.2d 557 (Fla.4th DCA 1981). Although we feel bound by the precedent established by Goodson involving the same issue, we view the dissenting opinion in the case at bar as well reasoned and worthy of consideration. Accordingly, we join both Goodson and Barnhill by certifying the following question to the Supreme Court of the State of Florida as one of great public interest:
[Is] a person excluded from a mandatory classification under Section 958.04(2)(9), Florida Statutes (Supp.1978) when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
The sentence imposed as to the first sentence is reversed and remanded to the trial court for an appropriate sentence.
ERVIN and SHAW, JJ., concur.
WENTWORTH, J., concurs and dissents.

. We find, despite appellant’s contention to the contrary, that the trial court’s adjudication as to this offense was in conformity with the verdict. The judgment itself indicates that the appellant was adjudicated guilty of burglary of a dwelling, a second degree felony.

. Goodson and Barnhill are distinguishable from the instant case on this point. Both Goodson and Barnhill held that a trial judge was not required to sentence a defendant as a youthful offender when the appellant had been found guilty of more than one felony at the time of sentencing. In both cases the respective defendants were apparently first adjudicated guilty on each felony before any sentencing occurred. Here, the defendant’s sentencing on the first adjudication preceded the second adjudicated felony.