WENTWORTH, Judge,
concurring and dissenting.
I concur in the result reached by the majority insofar as it requires appellant’s classification as a youthful offender, and disposition pursuant to Chapter 958, Florida Statutes, for the offense of burglary of a dwelling. However, I would also require such classification and disposition for the offense of involuntary sexual battery. Both of appellant’s convictions arose from a *994 single criminal episode; his intent to commit a sexual battery within the dwelling was a necessary element (“intent to commit an offense therein”) of the burglary offense.
Subsequent offender statutes have consistently been construed as requiring that the subsequent offense be committed after the prior conviction. See, e. g., Shead v. State, 367 So.2d 264 (Fla.3d DCa 1979). The rationale for such a construction is that the statute intends to encourage first offenders to reform by warning of severer penalties for subsequent offenses. Karz v. State, 279 So.2d 383 (Fla.2d DCA 1973). While Lucas v. State, 376 So.2d 1149 (Fla. 1979), reaches a contrary result regarding “prior convictions” as aggravating circumstances within the purview of Florida’s death penalty statute, I am of the opinion that Chapter 958, the Youthful Offender Act, is more akin to a subsequent offender statute. Section 958.021 indicates that the act provides “an additional sentencing alternative” in order “to improve the chances of correction and successful return to the community of youthful offenders . . . . ” I thus disagree with Barnhill v. State, 393 So.2d 557 (Fla.4th DCA 1980), and would rule that an offender’s contemporaneous conviction of multiple offenses within a single criminal episode does not preclude the youthful offender classification under § 958.04(2), Florida Statutes.
I also note that neither Goodson v. State, 392 So.2d 1335 (Fla.1st DCA 1980), nor Killian v. State, 387 So.2d 385 (Fla.2d DCA 1980), indicate whether the multiple offense in those cases arose from a single criminal episode or multiple criminal episodes. In either event, I do not believe that the legislature intended that the application of Chapter 958 would depend on such artificial temporal distinctions as are employed in those cases, in Barnhill, and by the majority in the present case.
I would reverse the sentences imposed and remand the cause for resentencing in accordance with Chapter 958, as to both offenses.