396 So.2d 232 (1981)
Chris DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
No. TT-40.
District Court of Appeal of Florida, First District.
March 25, 1981.
As Amended on Rehearing April 24, 1981.
*233 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Davenport appeals a judgment and sentence based upon a jury verdict finding Davenport guilty of attempted robbery. The appellant had been charged by information with armed robbery with a deadly weapon. The trial judge instructed the jury on the offenses of robbery, attempted robbery, and petit larceny. The judge refused to give appellant's requested instructions on the lesser offenses of battery, aggravated battery, assault, aggravated assault and assault with intent to commit robbery. The appellant contends that the trial court committed reversible error by failing to give the above lesser included offenses. We do not reach this issue, however, because after a careful review of the record we are unable to find a specific objection by appellant pertaining to the court's refusal to instruct the lesser included offenses.[1] Florida Rule Criminal Procedure 3.390(d), in no uncertain terms, requires an objection to preserve the issue for appeal. Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981); Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980); White v. State, 324 So.2d 115 (Fla. 3d DCA 1976).
However, the trial court erred in failing to sentence appellant pursuant to the Youthful Offender Act, Section 958.04(2), Florida Statutes. Since the appellant met all the requirements of Section 958.04(2), the trial court had a mandatory obligation to sentence him under the Act. See Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980) (reh. den.); Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980).
Since we certified an identical question in Goodson on the issue whether the trial court was required to sentence the defendant there as a youthful offender, we certify the same question here to the Florida Supreme Court as one of great public importance:
Does Section 958.04(2), Florida Statutes (1979), provide for mandatory classification if certain statutory prerequisites are satisfied?
The cause is remanded for resentencing in a manner consistent with this opinion.
ERVIN and SHAW, JJ., concur.
WENTWORTH, J., concurring and dissenting with opinion.
WENTWORTH, Judge, concurring and dissenting.
I concur in the majority opinion insofar as it requires that appellant be sentenced pursuant to § 958.04(2), the Youthful Offender Act; however, I disagree with the majority conclusion that the jury instruction issue has not been preserved for appeal. While Fla.R.Crim.P. 3.390(d) requires a specific objection to preserve the issue, the Rule further indicates, at subsection (e), that "no exception need be made" to the court's ruling. In the present case the trial judge held an off-the-record conference on *234 jury instructions after noting that if agreement could not be reached he would then "let counsel state their objection in the record." After the conference defense counsel indicated, "for the record," that he requested a jury instruction on various lesser included offenses, which instruction the judge thereafter formally refused. Defense counsel's statement was sufficient to "apprise the trial judge of the putative error" as required by Castor v. State, 365 So.2d 701 (Fla. 1978), and in the circumstances of this case, as in Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981) (dissenting opinion), I would conclude that the issue was adequately preserved for appellate review.
NOTES
[1] We recognize the rule that the failure to instruct on the next immediate lesser included offense (one step removed) is prejudicial error. See State v. Abreau, 363 So.2d 1063 (Fla. 1978); Reddick v. State, 394 So.2d 417 (Fla. 1981). Neither Abreau nor Reddick, however dealt with the method of preserving the issue for appeal.