SCHEB, Chief Judge.
Robert Stancil challenges the trial court’s refusal to classify him as a youthful offender under the Florida Youthful Offender Act, section 958.011, Florida Statutes (1979). We reverse.
A grand jury indicted Stancil for first-degree murder on March 4, 1980, and he entered a plea of guilty to second-degree murder. At the time of the offense, Stancil was sixteen years of age. The trial court accepted his plea and ordered a predisposition report. In that report the Department of Health and Rehabilitative Services recommended that Stancil be placed in a program in accordance with the Youthful Offender Act. Stancil filed a motion also asking that he be classified as a youthful offender. The court refused and sentenced him to life imprisonment.
The relevant portions of section 958.04, Florida Statutes (1979), state:
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant’s 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
The court accepted Stancil’s plea to second-degree murder which is a first-degree felony. § 782.04(2), id. Stancil committed the offense while sixteen years of *427 age, and he had not previously been classified as a youthful offender. Thus, he argues, the court had to sentence him under the Youthful Offender Act. The state, relying on Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980), argues on the other hand that Stancil did not meet the criteria of section 958.04(l)(a) because he was under eighteen years of age when he committed the offense and had been indicted rather than “transferred” for prosecution from the juvenile division. We reject the reasoning of Postell and follow Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), in which the First District Court of Appeal perceived the problems inherent in denying an indicted child the benefits of the Florida Youthful Offender Act. In Goodson the court stated, “if we were to accept the Postell rationale, under the disjunctive language in section 958.04(l)(a), a 13-year-old indicted child would be ineligible for youthful offender treatment, . . . where as a 19-year-old indicted person, never within the scope of chapter 39, would be eligible. We do not think the legislature could intend this result.” Id. at 1337.
Thus, we hold that even though Stancil was indicted and not literally “transferred,” he met the criteria of section 958.04(1) for classification as a youthful offender. Thus, the trial court had to sentence Stancil as a youthful offender. Killian v. State, 387 So.2d 385 (Fla. 2nd DCA 1980).
We are aware that the Legislature has amended section 958.04 in chapter 80-321, Laws of Florida, entitled:
An act relating to corrections; amending s. 958.04, Florida Statutes; removing the requirement that under certain circumstances a person must be classified as a youthful offender; providing that certain criteria be considered in determining whether to classify any person as a youthful offender; providing an effective date.
We applaud the Legislature for recognizing the need to allow a trial judge discretion in applying the Florida Youthful Offender Act. Nevertheless, we are bound to apply the statute to Stancil as it read at the time of his offense. See Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), aff’d., 330 So.2d 10 (Fla.1976).
Accordingly, we vacate Stancil’s sentence and direct the trial court to resentenee him under the Act.
OTT and CAMPBELL, JJ., concur.