399 So.2d 1027 (1981)
Richard Earl LEE, Appellant,
v.
STATE of Florida, Appellee.
No. WW-120.
District Court of Appeal of Florida, First District.
June 5, 1981.
Rehearing Denied July 7, 1981.
*1028 Carl S. McGinnes, Asst. Public Defender, for appellant.
Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Lee appeals the denial of his motion to correct his sentence, arguing that he was entitled to be resentenced pursuant to the Florida Youthful Offender Act, § 958, Fla. Stat.(1979). We agree and reverse.
The trial court's denial of relief was based upon two grounds: (1) that classification under the Youthful Offender Act was discretionary; and (2) that Lee's conviction for armed robbery, pursuant to § 812.13(2)(a), Fla. Stat.(1979), precluded youthful offender treatment.
In Goodson v. State, 392 So.2d 1335, 1336 (Fla. 1st DCA 1980), this court held that classification as a youthful offender is mandatory if the criteria set forth in §§ 958.04(1) and (2), Fla. Stat., are met.[*]
Additionally, the trial court relied upon § 958.04(1)(c), Fla. Stat., which provides in part that "no person who has been found guilty of a capital or life felony may be classified [as] a youthful offender... ." The court reasoned that this statute was applicable because armed robbery is punishable by life imprisonment. However, armed robbery is not a "life felony," but instead, it is a "felony of the first degree." See § 812.13(2)(a) and § 775.081(1), Fla. Stat. Therefore, the trial court incorrectly found that Lee's conviction for armed robbery precluded his treatment as a youthful offender.
The trial court's Order is reversed, and this cause is remanded for proceedings consistent with this opinion.
SHAW, WENTWORTH and THOMPSON, JJ., concur.
NOTES
[*] The holding in Goodson was premised upon the actual language in §§ 958.04(1) and (2), Fla. Stat.(1979). In 1980, that language was amended so as to make youthful offender classification a discretionary matter in all circumstances. See § 958.04, Fla. Stat. (Supp. 1980). However, the 1980 amendments are not applicable to this case.