DAUKSCH, Chief Judge.
This is an appeal from a sentence. The appellant, because of his age and because he met the other statutory criteria, was entitled to be sentenced as a youthful offender under section 958.04, Florida Statutes (1979). Abram v. State, No. TT-193 (Fla. 1st DCA April 14, 1981) [1981 F.L.W. 879]; Warren v. State, 391 So.2d 775 (Fla. 4th DCA 1980); Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980).
When this question was raised below, apparently the trial court felt that because the appellant was first placed on probation, then violated it and came up for sentencing that he was not entitled to the benefits of the statute. We can find no legal basis or logic for that conclusion, especially since our Supreme Court has ruled in Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981) that placing a person on probation is not a sentence.
SENTENCE REVERSED AND REMANDED FOR RESENTENCING.
COBB and SHARP, JJ., concur.