ROBERT P. SMITH, Jr., Chief Judge.
Contending he should have been sentenced as a youthful offender, Section 958.-04(2), Fla.Stat. (1979), Garvin challenges the 20-year prison sentence imposed following his conviction for armed robbery with a firearm. We reverse.
Garvin was charged in three separate cases — three informations separately filed, but consolidated for simultaneous disposition below — with three offenses: armed robbery with a firearm, armed robbery on a different date, and being an accessory after the fact to a third attempted robbery. By negotiated agreement between his counsel and the prosecution, Garvin pleaded guilty in the first ease to the charge of armed robbery with a firearm and guilty in the second case to the lesser offense of attempted unarmed robbery, with the understanding and agreement that on the first charge he would receive a sentence of 20 years in the Florida State prison, including a mandatory minimum of three years, and that on the second charge he would receive a five-year concurrent sentence. By the same agreement the State nolle prossed the third information.
By his motion to correct an alleged illegal sentence in the first case and by this appeal in that case alone, Garvin claims youthful offender status because he was 18 at the time of sentencing and had not been found guilty of a felony prior to that sentencing. Section 958.04(2)(a), Fla.Stat. (1979). At sentencing for both offenses, however, the trial court treated Garvin as an adult, apparently concluding that armed robbery with a firearm is a life felony, which precludes youthful offender sentencing. Sec *35 tion 958.04(l)(c), Fla.Stat. (1979). First the court adjudicated Garvin guilty of armed robbery with a firearm and imposed the 20-year sentence. After explaining his appeal rights, the court then adjudicated him guilty of attempted unarmed robbery and imposed the five-year concurrent sentence.
The trial court erroneously concluded that armed robbery with a firearm is a life felony. Section 812.13(2)(a), Fla.Stat. (1979), classifies armed robbery with a firearm as a first degree felony. The fact that the crime is punishable by life imprisonment does not convert a first degree felony into a life felony. The Florida statutes provide that the classification of a crime as a “life” or “first degree” felony is determined by the designation provided by each specific criminal offense statute, not by the term of imprisonment. Section 775.081(1), Fla.Stat. (1979). Section 775.082(3)(b) expressly recognizes that a first degree felony may be punishable by life. Lee v. State, 399 So.2d 1027 (Fla. 1st DCA 1981). Nor can the firearm enhancement statute, Section 775.087(1)(a), be applied to increase this offense to a life felony. Richardson v. State, 398 So.2d 1010 (Fla. 1st DCA 1981).
It follows from this Court’s decision in Abram v. State, 405 So.2d 992 (Fla. 1st DCA 1981), that Garvin was entitled to youthful offender sentencing for armed robbery with a firearm, the first offense for which Garvin was adjudicated guilty and was sentenced. We follow that precedent reluctantly, for we feel that in practical effect if not in precise form Garvin was simultaneously adjudicated guilty of two felonies, and for that cause he was disqualified for youthful offender sentencing; at sentencing for each felony he had “previously been found guilty of” another felony. Section 958.04(2)(a), Fla.Stat. (1979). We think “the legislature contemplated mandatory classification for young persons committing their first and only felony.” Goodson v. State, 392 So.2d 1335, 1338 (Fla. 1st DCA 1980), aff’d, 400 So.2d 791 (Fla.1981). When sentences are imposed on the same day at the same court session for multiple felonies, it should make no difference to the defendant’s youthful offender status whether the judge chooses (as in Goodson) first to adjudicate guilt on all offenses to be adjudicated and then to sentence or, as here, to adjudicate guilt and sentence on each offense consecutively.
We recognize that so holding would conflict with Abram, in which the panel held that a defendant adjudicated guilty and sentenced for one felony and then “moments later” adjudicated guilty and sentenced for a second felony must be treated as a youthful offender for purposes of the first sentence. For the reasons intimated by the majority and expressed by the dissenter in that case, we think such artificial temporal distinctions should not control the sentencing in these cases. Following Abram here completely dissolves the bargained agreement by which the State, in exchange for Garvin’s pleas, dismissed one information and acquiesced in a plea to a lesser included charge on a second information. And following Abram invalidates only that part of the bargained sentence that discomfits Garvin; it leaves the secondary five-year concurrent sentence standing and irremediable, for that case was not brought here by Garvin’s appeal. The trial judge here, being free to adjudicate guilt on both felonies prior to any sentencing, would no doubt have followed that procedure had he had the benefit of Abram at the time of sentencing.
We follow Abram despite our concerns over its correctness because that decision is now under review in the Supreme Court. We are also mindful of the recent decision of a panel of this court in Humphry v. State, 402 So.2d 1322 (Fla. 1st DCA 1981), which read Abram as requiring youthful offender treatment for the first felony of all multiple felony sentencing situations, regardless of the sequence of adjudications and sentencing. We find it inappropriate to render a decision requiring en banc proceedings in this Court when the Supreme Court’s jurisdiction has already attached for consideration of similar questions. See Henderson Sign Service v. Dept. of Transportation, 390 *36 So.2d 159, 161 (Fla. 1st DCA 1980). Since the Supreme Court’s recent Goodson decision does not appear to address the issue raised here, we do certify the following question to the Supreme Court as one of great public importance:
For purposes of sentencing on the first felony, is a person mandatorily classified as a youthful offender under Section 958.04(2)(a), Florida Statutes (1979), when at the same proceeding he is first adjudicated guilty of a qualifying felony and sentenced for it and then adjudicated guilty of a second felony and sentenced?
REVERSED.
McCORD and MILLS, JJ., concur.