BOYD, Justice.
This cause is before us to review the decision of the district court of appeal in Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980), which passed upon a question certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Appellant pleaded no contest to charges of kidnapping and attempted first-degree murder which arose from a single criminal episode involving the same victim. The trial court sentenced appellant to four years incarceration and two years in a community control program under the Youthful Offender Act for kidnapping and twenty years of incarceration for attempted first degree murder. Appellant filed a Motion to Correct Sentence, claiming that he was entitled to be sentenced under the Youthful Offender Act for both convictions. The motion was denied, and he appealed.
The District Court of Appeal, Fourth District, affirmed the conviction and sentence, stating that appellant was not entitled to mandatory sentencing under the Youthful Offender Act for either conviction because he was found guilty of more than one felony at the time of sentencing. On rehearing the district court noted that the District Court of Appeal, First District, in Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), had certified to this Court the question of whether simultaneous convictions of two felonies could exclude a person from mandatory classification as a youthful offender. Appellant asked the district court to certify a similar question, but unlike in Goodson to specify that the convictions arose from the same criminal episode. The district court denied the request and certified the question as follows:
*1113 P> a person excluded from mandatory classification under section 958.04(2)(a), Florida Statutes (Supp.1978), when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
393 So.2d at 561.
We agree with the district court that there is no reason why a person who is convicted of more than one felony should be entitled to mandatory classification as a youthful offender simply because the convictions arise from a single criminal episode. The fact still remains that the person has committed distinctly different crimes with unrelated degrees of seriousness and accordant punishments. Since the question, as certified by the district court, has been answered in the affirmative in State v. Goodson, 403 So.2d 1337 (Fla.1981), we affirm.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.