BOYD, Justice.
This case is before us on a question certified as one of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner, who was eighteen years old, was found guilty of two felonies, burglary and sexual battery, arising from the same criminal episode. The trial judge sentenced him to two fifteen-year sentences to run concurrently.
Petitioner, who had never been previously found guilty of a felony, appealed to the district court of appeal, claiming that he was entitled to be sentenced as a youthful offender under section 958.04, Florida Statutes (1979). The district court of appeal found that the provisions of section 958.-04(2) were mandatory and held that appellant should have been sentenced as a youthful offender under the first conviction, though not necessarily under the second. It reversed the first sentence and affirmed the second. It then certified the following question as one of great public importance:
[Is] a person excluded from a mandatory classification under Section 958.04(2)(9) [sic], Florida Statutes (Supp.1978) when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
In State v. Goodson, 403 So.2d 1337 (Fla.1981), we answered this question in the affirmative. In doing so we held that a defendant who is simultaneously convicted of two or more felonies is not entitled to mandatory classification as a youthful offender under any one of them. We therefore quash that portion of the district court’s decision, 405 So.2d 992, which reversed the trial court’s first sentence. We hold that the trial court was not required to classify petitioner as a youthful offender for purposes of either sentence; such treatment was discretionary. The case is remanded with directions to reinstate the sentences of the trial court.
It is so ordered.
SUNDBERG, C. J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.