DANAHY, Judge.
Cecil Brown contests the trial court’s refusal to sentence him pursuant to section 958.04, Florida Statutes (1979), the Youthful Offender Act. Following his conviction for second degree murder, Brown moved for sentencing under the Act. At the sentencing hearing the trial judge considered a predisposition report prepared by the Department of Health and Rehabilitative Services. This report recounted Brown’s prior record and contained a recommendation that he be turned over to the Department of Corrections. Despite this, Brown’s counsel argued that he should be classified as a youthful offender. He attempted to present testimony in support of his assertions, but the trial judge refused to allow any testimony, stating that he intended to sentence Brown as an adult. Brown and his co-defendant, Robert Stancil, each received a life sentence.
At the time Brown committed the crime, sentencing under the Youthful Offender Act was mandatory for those defendants who met the statutory criteria. Stancil v. State, 405 So.2d 426 (Fla. 2d DCA 1981). In Stancil, we vacated the sentence of Brown’s co-defendant and ordered him resentenced under the Youthful Offender Act since he met the statutory criteria. Like his co-defendant, Brown also meets the statutory criteria for sentencing under the Act. Because he was sixteen years old at the time of the offense and had been indicted for first degree murder, he meets the criteria of section 958.04(1)(a). Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980). Brown qualifies under section 958.04(l)(b) since he was convicted of second degree murder. Since there is no record of prior classification as a youthful offender, Brown is not disqualified by section 958.04(l)(c). Although he was once charged under chapter 39 in junvenile court with arson, Brown was never found guilty of a felony within the meaning of section 958.04(2)(a). See Blue v. State, 402 So.2d 1339 (Fla. 1st DCA 1981). Finally, Brown qualifies because he was never adjudicated delinquent “for an act which would be a capital, life, or first degree felony if committed by an adult.” § 958.04(2)(b). Since Brown meets the criteria for sentencing under the Act, the trial judge erred when he entered a sentence which did not follow its provisions.[1]
We have considered the other contentions raised by Brown and find them to be without merit.
Accordingly, we vacate Brown’s sentence and order that the trial court resentence him pursuant to the Youthful Offender Act.
HOBSON, A. C. J., and GRIMES, J., concur.

. As we noted in Stancil, the legislature has now eliminated the mandatory sentencing provision of the Act.