355 So.2d 509 (1978)
Willie James CHESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1534.
District Court of Appeal of Florida, Second District.
February 24, 1978.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Upon review of the briefs and record on appeal, we find the appellant has failed to demonstrate reversible error; therefore, the revocation of appellant's probation is affirmed.
However, we remand this case to the trial court to correct imperfections in both the order of revocation of probation and in the sentence. The affidavit filed against appellant alleged violations of conditions (4), (7), and (9), of the conditions of probation. During the course of the revocation hearing, the trial court granted appellant's motion for a judgment of acquittal as to the alleged violations of conditions (7) and (9), but ruled that the allegation pertaining to the alleged violation of condition (4) was sustained. Yet the written order revoking appellant's probation recited that appellant violated conditions (7) and (9) as well as condition (4). Since the court's order of revocation enlarged upon the announced findings of the trial court, the order must be corrected to conform to the findings of the trial court made at the hearing. Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977). Also, the phrase "at hard labor" in the sentence is improper. Brooks v. State, 349 So.2d 794 (Fla. 2d DCA 1977).
Remanded for correction of the sentence and the order of revocation of probation; otherwise affirmed. Appellant need not be present for this purpose.
BOARDMAN, C.J., and RYDER and DANAHY, JJ., concur.