403 So.2d 1337 (1981)
STATE of Florida, Petitioner,
v.
Tyrone GOODSON, Respondent.
No. 59864.
Supreme Court of Florida.
September 10, 1981.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
Theodore E. Mack, Asst. Public Defender, Tallahassee, for respondent.
BOYD, Justice.
This cause is before us to review the decision of the district court of appeal in Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), which passed upon three questions certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. (1980).
On May 17, 1979, Tyrone Goodson, age seventeen, pleaded guilty to two counts of armed robbery charged by indictment and moved to be sentenced under the Florida Youthful Offender Act, chapter 958, Florida Statutes (Supp. 1978). In denying the motion, the trial judge construed section 958.04(2)[1] of the act as being directory rather *1338 than mandatory in the classification of a defendant as a youthful offender. He then sentenced Goodson as an adult to two fifteen-year concurrent terms.[2]
On appeal, the district court affirmed the judgment of the trial court, but for a different reason. The district court disagreed with the trial court's reasoning and held that section 958.04(2) is mandatory if the statutory prerequisites are met. However, it agreed with the trial judge's result by finding that one of the prerequisites had not been met. Specifically, the district court found that Goodson had previously been convicted of a felony under subsection (2)(a) by virtue of the contemporaneous convictions of two counts of armed robbery. The district court denied both parties' motions for rehearing, but certified to this Court three questions.
1. Does section 958.04(2), Florida Statutes (Supp. 1978) provide for mandatory classification if certain statutory prerequisites are satisfied?
2. Is a child charged by indictment considered "transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39" so as to qualify for youthful offender classification under section 958.04(1)(a), Florida Statutes (Supp. 1978)?
3. If question 1 is answered in the affirmative, is a person excluded from mandatory classification under section 958.04(2)(a), Florida Statutes (Supp. 1978) when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
392 So.2d at 1338 (emphasis in original).
In deciding whether the word "shall" should be construed as being mandatory or directory, we should look to the context in which it is found and the intent of the legislature as expressed in the statute. S.R. v. State, 346 So.2d 1018 (Fla. 1977). Within section 958.04, there are two types of statutory prerequisites: the eligibility requirements in subsection (1) and the disqualification requirements in subsection (2). If a person meets the eligibility requirements in subsection (1), the trial court *1339 "may" classify that person as a youthful offender. In comparison, if a person meets those requirements and is not disqualified by the requirements in subsection (2), the statute states that the trial court "shall" classify that person as a youthful offender. To interpret subsection (2) as being directory would render those requirements meaningless since the trial judge already has the discretion to classify a defendant as a youthful offender under subsection (1). Thus in this context the word "shall" is clearly meant to be mandatory. Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980); Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980).
With respect to the second question, the state argues that Goodson could not have been "transferred" to the criminal division of the circuit court as required by section 958.04(1)(a), since he was brought before the criminal division pursuant to an indictment and was never subject to the circuit court's juvenile division. To accept this argument would create the anomalous situation in which a person between the ages of eighteen and twenty-one who is indicted may be classified as a youthful offender, whereas a person under eighteen who is indicted may not be. Goodson v. State, 392 So.2d at 1336-37. We do not believe the legislature intended such a result. We find the district court's decision on this point to be very persuasive and therefore adopt it as our own.
The final question certified to this Court concerns the construction of that portion of section 958.04(2)(a) which states that a person shall be classified as a youthful offender if such person has not "previously been found guilty of a felony... ." This phrase is susceptible to two interpretations. The first possibility is that the person must not have been convicted of another felony previous to sentencing. The second possible interpretation is that the person must not have been convicted of another felony previous to committing the current crime.
Both possible interpretations have been resorted to in construing similar phrases found in other statutes. One such statute is the capital felony sentencing law which lists as one of the aggravating circumstances that the defendant was "previously convicted ... of a felony involving the use or threat of violence to the person." § 921.141(5)(b), Fla. Stat. (1977). We held that this aggravating circumstance applied to a defendant whose convictions for attempted murder were entered contemporaneously with his conviction for first degree murder since such convictions were previous to sentencing. Lucas v. State, 376 So.2d 1149 (Fla. 1979). A second statute containing comparable phraseology is the habitual felony offender law which may apply to a defendant who has "[p]reviously been convicted of a felony in this state." § 775.084(1)(a), Fla. Stat. (1977). This statute was held not to apply to a defendant contemporaneously convicted of two felonies since neither conviction was previous to the commission of the other felony. Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).
Appellee Goodson argues that the reasoning in Shead is applicable to this case. In Shead the district court reasoned that the purpose of the habitual offender statute is to impose harsher penalties on previous offenders who again commit crimes after being given the opportunity to reform. Similarly, Goodson argues, the purpose of the Youthful Offender Act is to deal with "offenders who have demonstrated that they can no longer be handled safely as juveniles... ." § 958.021, Fla. Stat. (Supp. 1978).
As attractive as this argument initially sounds, it has one basic flaw which arises when a defendant is simultaneously convicted of several different felonies. In such a case the habitual offender statute allows the trial judge to impose separate sentences for each of the crimes committed and in his discretion to have those sentences run consecutively. Conversely, the Youthful Offender Act mandates that a trial judge not commit a youthful offender to the custody of the Department of Corrections for more than six years. § 958.05(2), Fla. Stat. (Supp. 1978). Thus a person convicted of more than one felony would go unpunished for the other felonies if he received the maximum *1340 penalty for the first felony. Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980).
We also note that the existence of two or more contemporaneous felony convictions does not preclude a defendant from being classified as a youthful offender, it merely excludes him from mandatory classification as such. See § 958.04(3), Fla. Stat. (Supp. 1978). We answer the third question in the affirmative.
In summary, we hold that the word "shall" as used in section 958.04(2) is mandatory rather than directory; that a minor initially proceeded against by indictment is to be considered "transferred for prosecution to the criminal division" for purposes of section 958.04(1)(a); and, that respondent's two simultaneous convictions for armed robbery excluded him from mandatory classification as a youthful offender by virtue of section 958.04(2)(a).
The decision of the district court of appeal is approved.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ALDERMAN, JJ., concur.
McDONALD, Justice:
"I concur with the first two points but partially dissent on the last. Goodson committed two distinct crimes on different days. I would hold that the adult sentence is proper for the second offense but that he should have been sentenced as a juvenile for the first offense."
NOTES
[1] 958.04 Eligibility for youthful offender; classification. 

(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
(3) A person excluded from classification as a youthful offender under subsection (2) by virtue of having been previously found guilty of a crime which if committed in Florida would be a felony of the first, second, or third degree under the laws of this state may be classified a youthful offender after consideration of the following criteria:
(a) The seriousness of the offense to the community and the protection of the community;
(b) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner;
(c) Whether the offense was against persons or against property;
(d) The sophistication and maturity of the defendant, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living;
(e) The record and previous history of the defendant, including:
1. Previous contacts with the department, the Department of Health and Rehabilitative Services, other law enforcement agencies, and courts;
2. Prior periods in a community control program;
3. Prior violations of law; and
4. Prior commitments to institutions;
(f) The likelihood of reasonable rehabilitation of the defendant if he is assigned to youthful offender services and facilities; and
(g) Whether classification would:
1. Reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense; and
2. Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
[2] The district court was mistaken when it stated that the two fifteen-year sentences were to be served consecutively. Record on Appeal at 20-21.