PER CURIAM.
Defendant was convicted of attempted burglary and sentenced to fifteen years in prison. We conclude that defendant’s conviction should be affirmed. The sentence, however, is illegal for two reasons: (1) it exceeds the maximum period provided by law and (2) it contravenes defendant’s entitlement to youthful offender treatment. Accordingly, we affirm the conviction but reverse the sentence and remand for resen-tencing.
Section 777.04(4)(c), Florida Statutes (1979), indicates that an attempt to commit *300 “any burglary” is a felony of the third degree. Williams v. State, 386 So.2d 631 (Fla.2d DCA 1980); Crook v. State, 385 So.2d 1136 (Fla. 1st DCA 1980); McQuay v. State, 368 So.2d 908 (Fla. 1st DCA 1979); State v. Drumwright, 367 So.2d 256 (Fla. 4th DCA 1979). Therefore, since Section 775.082(3)(d), Florida Statutes (1979), states that a term of imprisonment for a third degree felony shall not exceed five years, we hold that the fifteen year sentence imposed in the case at bar is illegally excessive.
Moreover, there is a second impediment to the sentence. At the sentencing hearing defendant sought to be treated as a youthful offender under the Florida Youthful Offender Act, Sections 958.011-.15, Florida Statutes (1979). The trial court, however, not having the benefit of the Supreme Court’s recent decision in State v. Goodson, 403 So.2d 1337 (Fla.1981), concluded that Section 958.04(2) was discretionary and, therefore, declined to sentence defendant as a youthful offender. However, inasmuch as Goodson holds that Section 958.-04(2) is mandatory, we are compelled to reverse the sentence. Accordingly, defendant’s conviction is affirmed. The sentence, however, is reversed and the cause is remanded for resentencing.
DOWNEY, MOORE and HURLEY, JJ, concur.