ORFINGER, Judge.
Appellant pleaded guilty to a charge of robbery committed on September 18, 1980. He appeals the sentence of ten years imprisonment, contending that because he was seventeen years old when the crime was committed, he was entitled to be classified as a youthful offender under section 958.-04(2), Florida Statutes (1979).[1]
Appellant met the eligibility requirements of section 958.04(1) and was thus mandatorily entitled to be classified as a youthful offender under section 958.04(2), if (a) he had not been previously found guilty of a felony; or (b) he had never been adjudicated guilty for an act which would be a capital, life or first degree felony if committed by an adult. State v. Goodson, 403 So.2d 1337 (Fla.1981); Evans v. State, 398 So.2d 1018 (Fla. 5th DCA 1981).
Appellant’s predisposition report shows two prior adjudications of delinquency for burglary, so if either of these acts would be first degree felonies[2] if committed by adults, appellant would not have been entitled to the mandatory benefits of the act. The record does not disclose that either burglary could have been classified as a first degree felony, and the burden would be on the State to show that they were.
The sentence of ten years imprisonment is vacated and the cause remanded for re-sentencing in accordance with section 958.-05, Florida Statutes (1979), unless the State demonstrates to the satisfaction of the trial court that appellant does not meet the criteria of section 958.04(2Xa) or (b).
REMANDED for resentencing.
SHARP and COWART, JJ., concur.

. The statute has since been amended, effective October 1, 1980, but the amended statute does not apply to this case.

. § 810.02(2), Florida Statutes (1979).