408 So.2d 831 (1982)
Angel JUDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2171.
District Court of Appeal of Florida, Fourth District.
January 20, 1982.
Richard L. Jorandby, Public Defender, and Robert C. Fallon, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In May 1979, the Broward County Grand Jury indicted Angel Judge (who was then 17 years old) for robbery with a deadly weapon, a felony of the first degree punishable by imprisonment for a term of years not exceeding life imprisonment. In August 1979 Judge pleaded nolo contendere to the charge and preserved the right to raise on appeal the propriety of the circuit court's failure to follow certain procedures set forth in Section 39.111, Florida Statutes (1979),[1] before imposing a sentence of imprisonment for two and a half years.
In her sole point on appeal, Judge urges that the circuit court erred in not applying the disposition procedures of Section 39.111 to her, a juvenile convicted as an adult, *832 relying primarily on State v. Cain, 381 So.2d 1361 (Fla. 1980) as authority for that contention.
The state, following the circuit court's lead, argues that for two reasons it is not mandatory that the circuit court follow the provisions of Section 39.111(6). First, it is not mandatory because Judge was not transferred from the juvenile division of the circuit court to the criminal division of that court, within the meaning of Section 39.02, Florida Statutes (1979), since the robbery charge was lodged against her by means of indictment, and an indictment is not a means of transferring jurisdiction of a juvenile defendant. The state cites Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980), in support of the foregoing position. Postell held that "A child who is indicted by a grand jury for an offense punishable by death or life imprisonment is not a child transferred within the purview of Chapter 39, Florida Statutes." 383 So.2d at 1162. The court apparently overlooked Section 39.02(5)(d), which specifically includes indictment as one means of transferring a child from the juvenile division to the criminal division. See Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), approved in State v. Goodson, 403 So.2d 1337 (Fla. 1981).
Second, the state argues that Judge waived her right to request sentencing under Chapter 39 during the plea conference. Our examination of the colloquy leads us to conclude a waiver did not occur and that Judge did reserve her right to appeal the nonapplication of Chapter 39.
We thus reject both arguments of the state and conclude that Judge was entitled to be sentenced pursuant to Section 39.111(6), Florida Statutes (1979). In State v. Cain, supra, the Supreme Court stated:
The court must follow the procedure provided in subsection 39.111(6), Florida Statutes (Supp. 1978), and must consider the criteria enumerated in subsection 39.111(6)(c) 1-6 which in substantial part mirror the criteria the court is to consider in waiving juvenile jurisdiction in the first place. (Emphasis added).
Pursuant to State v. Goodson, 403 So.2d 1337 (Fla. 1981), an indicted juvenile is considered "transferred" and should be sentenced under Chapter 39. The matter is thus remanded for further proceedings including resentencing.
REVERSED AND REMANDED.
LETTS, C.J., and DOWNEY and BERANEK, JJ., concur.
NOTES
[1] (6) When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:

(a) At the disposition hearing the court shall receive and consider a predisposition report by the department regarding the suitability of the child for disposition as a child.
(b) After considering the predisposition report, the court, in order to determine suitability, shall give all parties present at the hearing an opportunity to comment on the issue of sentence and any proposed rehabilitative plan. These parties shall include, if present: The parents or guardians of the child, the child's counsel, the state attorney or assistant state attorney, representatives of the department, the victim or his representative, if any, representatives of the school system, and the law enforcement officers involved in the case.
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premediated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.