PER CURIAM.
Appellant pled guilty to burglary with intent to commit assault and attempted sexual battery. He was adjudicated guilty, placed on probation for life for the burglary charge, and sentenced to two years in prison for the attempted sexual battery, to run concurrently. Appellant was sixteen years old at the time he committed these offenses. The trial judge signed an order stating that defendant was to be “treated as a youthful offender for all purposes, especially, but not limited to, those of location and condition of imprisonment.”
Subsequently, appellant was found guilty of violating a condition of his probation. The trial judge sentenced him to 99 years in prison on the burglary charge. Appellant was eighteen years old at the time his probation was revoked.
Appellant contends on appeal that his 99 year sentence for burglary should be vacated with instructions that he be resentenced as a youthful offender. This argument is without merit. State v. Goodson, 403 So.2d 1337 (Fla.1981).
The written order revoking appellant’s probation recited that appellant had violated conditions (3) and (5), enlarging upon the trial judge’s oral pronouncement that appellant was guilty of violating only condition (5). Accordingly, violation of condition (3) is stricken from the record. Chester v. State, 355 So.2d 509 (Fla.2d DCA 1978).
The lower court retained jurisdiction for one-third of appellant’s 99 year sentence, pursuant to section 947.16(3), Florida Statutes (1979). However, the trial judge failed to note any justification for his retention of jurisdiction on the sentencing order. Accordingly, this cause is remanded to the lower court with instructions to either relinquish the retention of jurisdiction over the one-third of appellant’s sentence or to make findings of fact and justification as required by section 947.16(3)(a), Florida Statutes (1979), to justify the retention of jurisdiction. Sanders v. State, 400 So.2d 1015 (Fla.2d DCA 1981).
RYDER, A. C. J., and CAMPBELL and SCHOONOVER, JJ., concur.