ORFINGER, Judge.
Apj>ellant contends that he should have been sentenced as a youthful offender un *48 der section 948.04, Florida Statutes (1979), following his conviction for sexual battery under section 794.011(5), Florida Statutes (1979). The record clearly shows that he was seventeen years old at the time of the offense, so under the statute in effect at that time, he was mandatorily entitled to be sentenced as a youthful offender, unless he had been previously found guilty of a felony or had been adjudicated guilty for an act which would be a capital, life or first degree felony if committed by an adult. Durden v. State, 407 So.2d 1003 (Fla. 5th DCA 1981).
Although the record indicates that appellant did have a prior record, there is nothing in the record before us to evidence the nature of his prior crimes or delinquent acts.
The judgment of conviction is affirmed, but the sentence is set aside and the case is remanded for resentencing. The State shall have the opportunity at the resentenc-ing hearing to present evidence of appellant’s prior record so that the trial court may determine if appellant is mandatorily entitled to the benefits of the Youthful Offender Act. See Durden.
REMANDED for resentencing.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.