429 So.2d 403 (1983)
Nathaniel BELL, Appellant,
v.
STATE of Florida, Appellee.
No. AN-165.
District Court of Appeal of Florida, First District.
March 29, 1983.
Nathaniel Bell, pro se, appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
Bell appeals the lower court's denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm. Bell contends that he meets the criteria of a youthful offender because the crime for which he has been charged was committed before his 21st birthday and is not a life felony offense. He relies upon State v. Goodson, 403 So.2d 1337 *404 (Fla. 1981), which interpreted Section 958.04(2), Florida Statutes (Supp. 1978), as providing for mandatory classification of a defendant as a youthful offender if the statutory prerequisites set out in Section 958.04(1) are satisfied. We would be bound by the Goodson opinion if the legislature had not substantially amended Section 958.04(2), effective October 1, 1980. See Ch. 80-321, § 2, Laws of Florida. The amended statute, not under consideration in Goodson, accordingly controls the instant case since the offense occurred on February 27, 1981; the plea on June 3, 1981, and sentencing on June 12, 1981. Section 958.04(2), Florida Statutes (Supp. 1980), now provides in pertinent part:
(2) The following criteria shall be considered in determining whether to classify as a youthful offender a person who meets the requirements of subsection (1):
(a) The seriousness of the offense to the community and the protection of the community;
(b) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner;
(c) Whether the offense was against persons or property;
(d) The sophistication and maturity of the defendant, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living;
(e) The record and previous history of the defendant, ... .
Unlike former subsection (2), which had required that the "person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person" meets other requirements, those provisions are no longer extant and the statute now mandates a court only to consider certain criteria in aiding its determination of whether to classify a defendant as a youthful offender  not as an adult  once it has been determined that such person meets the requirements of subsection (1). If the court declines to classify the person as a youthful offender, then it cannot be said that the court abuses its discretion in not taking into account such criteria, which are applicable, as stated, only to one's classification as a youthful offender.
We therefore conclude that the Goodson interpretation has no further relevancy to an offense which occurred after the effective date of the amended statute.
AFFIRMED.
MILLS, ERVIN and WIGGINTON, JJ., concur.