NESBITT, Judge.
The state appeals the sentencing of the defendant as a youthful offender. We affirm.
The defendant was fifteen years of age when the criminal incident occurred in October 1982. He was indicted for and found guilty by a jury of armed robbery with a firearm, a first degree felony punishable by imprisonment for a term of years not exceeding life imprisonment. § 812.-13(2)(a), Fla.Stat. (1981). The trial court adjudicated the defendant guilty of armed *923 robbery[1] and sentenced him pursuant to the Youthful Offender Act. See ch. 958, Fla.Stat. (1981).
The state contends that the trial court erred in sentencing the defendant as a youthful offender. The state relies on section 39.02(5)(c)3., Fla.Stat. (1981), which provides in part:
If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult.
The state would have us read this statute so as to exclude the possibility of sentencing a child under the Youthful Offender Act when that child has been found guilty of a crime punishable by life imprisonment. This we cannot do.
The supreme court has recognized youthful offender sentencing as an adult sanction. In State v. Cain, 381 So.2d 1361, 1367 (Fla.1980), the court explained:
[E]ven when a juvenile is convicted in adult court he is still given special treatment as a juvenile. Before imposing judgment, the trial court must conduct a disposition hearing to determine whether juvenile or adult sanctions are appropriate.... [E]ven, if adult sanctions are imposed against a juvenile, he may still enjoy the benefit of the youthful offender act under chapter 958 of the Florida Statutes.
See also Goodson v. State, 392 So.2d 1335, 1336 (Fla. 1st DCA 1980), approved, State v. Goodson, 403 So.2d 1337 (Fla.1981). Thus, although section 39.02(5)(c)3. mandates that the defendant herein be sentenced as an adult, it does not preclude the court from sentencing him as a youthful offender if he is otherwise eligible under the Act.[2]
The state argues, however, that a strict reading of section 39.02(5)(c)3. requires a different result. In full, the provision states:
3. If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult. If the child is not found to have committed the indictable offense but is found to have committed a lesser included offense or any other offense for which he was indicted as a part of the criminal episode, the court may sentence as follows:
a. Pursuant to the provisions of s. 39.111(6);
b. Pursuant to the provisions of chapter 958, notwithstanding any other provisions of that chapter to the contrary; or
c. As an adult.
The state’s argument is that the legislature intended to preclude youthful offender sentencing in the first sentence since it did not specifically provide therefor as it did in the second sentence. Therefore, the argument *924 goes, sentencing under the Youthful Offender Act, ch. 958, Fla.Stat. (1981), is available only if a child is found to have committed a lesser offense as set out in the second sentence of the provision.
We must reject the state’s argument as it runs counter to a number of rules of statutory construction. One such fundamental rule is that where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107, 1108 (Fla.1980). The state’s interpretation of section 39.-02(5)(c)3. would preclude sentencing under chapter 958 for first degree felonies. This interpretation would put the section in direct conflict with section 958.04(l)(b)-(c). In addition, the state’s interpretation would lead to the anomalous situation in which persons from eighteen to twenty-one years of age who are convicted of armed robbery (or any other first degree felony) could be classified as youthful offenders, but juveniles indicted for the same offense could not be so classified. The supreme court has held that interpretations that lead to such anomalous or absurd results should be rejected. State v. Goodson, 403 So.2d at 1339. Finally, the state’s interpretation ignores the universal rule that criminal statutes are to be strictly construed in favor of the person against whom a penalty is to be imposed. See Ferguson v. State, 377 So.2d 709 (Fla.1979).
The better and more reasonable interpretation is suggested by the defendant. This interpretation, which is consistent with the rules of statutory construction set out above, is that a child convicted of a crime punishable by life imprisonment must be sentenced as an adult. Adult sanctions, however, include sentencing under the Youthful Offender Act. Cain. Thus, such a child could be sentenced as a youthful offender if the eligibility criteria of section 958.04(1) are met. On the other hand, pursuant to the second sentence of section 39.02(5)(c) 3., a child convicted of a lesser offense may be sentenced as either a juvenile, an adult, or as a youthful offender without regard to the eligibility requirements of section 958.04(1). Thus, the reason the second sentence of section 39.-02(5)(c) 3. spells out the youthful offender sanction separately from the adult sanction is to distinguish the former from its normal incorporation into adult sentencing where the eligibility criteria of section 958.04(1) must be met.
Accordingly, the state has failed to establish that the court erred in sentencing the defendant as a youthful offender- and the sentence appealed is affirmed.

. The record clearly reflects that the trial court adjudicated the defendant guilty of armed robbery. Since armed robbery is a first degree felony, § 812.13(2), Fla.Stat. (1981), the notation on the judgment indicating the degree of the crime was a second degree felony ("2F") must be deemed a clerical error.

. The state has not suggested that the defendant is not eligible for classification as a youthful offender. The criteria for eligibility is set forth in section 958.04(1), Florida Statutes (1981). The defendant is deemed to have been "transferred” to the criminal division of the circuit court pursuant to chapter 39 of the Florida Statutes when he was indicted. § 958.04(l)(a), Fla.Stat. (1981). See State v. Goodson, 403 So.2d at 1339. He was convicted of committing a felony of the first degree when he was fifteen years of age. § 958.04(l)(b), Fla.Stat. (1981). See § 812.-13(2), Fla.Stat. (1981). Although a person convicted of robbery with a firearm can be sentenced to "imprisonment for a term of years not exceeding life imprisonment,” § 812.13(2)(a), Fla.Stat. (1981), the legislature has specifically classified the offense as a first degree felony, id., and not a "life felony.” Accordingly, the defendant is not precluded from eligibility for youthful offender classification under section 958.04(l)(c) which excludes those convicted of a capital or life felony. See Hill v. State, 434 So.2d 974 (Fla. 5th DCA 1983). Further, the record does not indicate that the defendant has previously been classified as a youthful offender. § 958.04(l)(c), Fla.Stat. (1981). Accordingly, the defendant was eligible to be sentenced pursuant to the Youthful Offender Act and the state has failed to demonstrate that the trial court abused its discretion in so sentencing the defendant. See Bell v. State, 429 So.2d 403 (Fla. 1st DCA 1983).