BARFIELD, Judge.
We find no merit in the issues raised by Steven Duke in this appeal of his conviction and sentence for sexual battery of an eleven year old child. We affirm his conviction and sentence.
His fifteen year old wife, Mary Sue Duke, appeals her sentence of seven years for aiding and abetting the commission of the sexual battery, a life felony, claiming that the trial court erred in failing to follow the requirements of section 39.111, Florida Statutes (1985). We affirm her conviction and sentence, but certify the question to the supreme court as a matter of great public importance.
Mary asserts that the trial court failed to consider a predisposition report and the statutory criteria for determining the suita *342 bility of adult sanctions, and failed to analyze in writing the decision to impose adult sanctions, as required by section 39.111(6) when “a child has been transferred for criminal prosecution.” She argues that a juvenile charged by indictment is considered “transferred”, citing Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), approved, State v. Goodson, 403 So.2d 1337 (Fla.1981), and State v. Upshaw, 469 So.2d 922 (Fla. 3d DCA 1985).[1]
The State contends that under section 39.02(5)(c)l, Florida Statutes (1985), a child charged by indictment with a crime punishable by death or life imprisonment “shall be tried and handled in every respect as if he were an adult” on all crimes charged in the indictment based on the same act.[2] The State argues that an indictment for an offense punishable by death or life imprisonment does not constitute a “transfer” under chapter 39, citing Myers v. State, 442 So.2d 272 (Fla. 1st DCA 1983), pet. for rev. den., 450 So.2d 487 (Fla.1984),[3] and that the trial court did not abuse its discretion by treating Mary Duke as an adult without the written findings required by section 39.111(6).
Reading the provisions of chapter 39 in pari materia, we find that an indictment for an offense punishable by death or life imprisonment does not constitute a “transfer” within the meaning of section 39.02(6), Florida Statutes (1985), which would require compliance with the provisions of section 39.111(6).[4] However, because of the possible confusion engendered by Goodson, we certify this issue to the Florida Supreme Court as a matter of great public importance.
THOMPSON and NIMMONS, JJ., concur.

.Goodson and Upshaw involved the applicability of the Youthful Offender statute, which provides, inter alia, that no person convicted of a capital or life felony may be classified as a youthful offender. § 958.04(1)(c), Fla. Stat. (1985). In Upshaw, the court rejected the State’s position that youthful offender sentencing was precluded for a child convicted of a first degree felony punishable by life imprisonment and held that the trial court did not abuse its discretion in so sentencing Upshaw. This decision has no applicability to the case at issue. In Goodson, the supreme court adopted this court’s holding that the 17 year old defendant charged by indictment with armed robbery was "transferred" for purposes of qualifying for youthful offender classification, under the rationale that because of the language of section 958.04(1)(a), a contrary interpretation would create the anomalous situation in which an indicted 18 year old person could be classified as a youthful offender, but an indicted 13 year old person could not. Goodson does not address the situation in which the minor is indicted and convicted of a capital or life felony, in which youthful offender sentencing is precluded, and is distinguishable from the case at issue. Moreover, the Goodson courts’ interpretation of section 958.04(1)(a) appears to be based on a flawed rationale, because an indicted minor would appear to be eligible for youthful offender sentencing under section 958.04(l)(b).

. The State points out that if such an indicted juvenile is found guilty of a lesser included offense, section 39.02(5)(c)3 gives the trial court the option of treating the offender as a juvenile, but that such treatment is not mandatory.

. In Myers, this court held that indictment of a minor for first degree murder is not a "transfer" within the meaning of section 39.02(5)(d), finding Judge v. State, 408 So.2d 831 (Fla. 4th DCA 1982), no longer controlling because of the 1981 amendment to this section eliminating the word "indictment” and relying on Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980), in which the Third District Court of Appeal found that a child indicted for an offense punishable by death or life imprisonment is not "transferred” within the meaning of chapter 39 and must be sentenced as an adult, and that such a child is also rendered ineligible for classification and treatment as a youthful offender.

. See also Whidden v. State, 374 So.2d 543 (Fla. 2d DCA 1979), in which the question addressed was whether the grand jury had indicted the minor for a crime for which he could be imprisoned for life, so that he would not be entitled to a waiver hearing under section 39.02(5)(c), Florida Statutes (1977), before being prosecuted as an adult.