674 So.2d 199 (1996)
Matthew BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1789.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
*200 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle Konig, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Matthew Baker appeals the revocation of his probation and the institution of a previous sentence for lewd and lascivious acts upon a child. We affirm in part and reverse in part.
On December 28, 1990, Baker pled no contest to the charge of lewd and lascivious acts upon a child and was placed on three (3) years probation. On December 8, 1993, an affidavit alleging probation violations was filed against Baker. The affidavit stated that Baker committed sexual battery upon his six (6) year old daughter and four (4) year old daughter. A warrant was issued and Baker was held without bond by acting Circuit Judge Joe Wild.
On April 12, and June 3, 1994, evidentiary hearings were held, where the state presented the testimony of Child Protection Pediatrician Randall Bertolite; his nurse, Susan Slade; the six year old child's mother, Mary Ann Baker; and Randy Fornes, a deputy sheriff who interviewed the child on video tape. Each person testified to statements made by the child regarding the sexual abuse by the father, and the judge admitted the video tape interview into evidence. Additionally, the child testified that her father touched her in her "private parts." Based on the testimony, the court revoked Baker's probation and his previous sentence of three years in prison was reinstated.
Baker raises three issues on appeal, the first being his six year old daughter's competency to testify. (There was apparently no effort to offer testimony of the four year old child.) The standard for competency of an infant witness was set by the supreme court in Lloyd v. State, 524 So.2d 396 (Fla.1988). In Lloyd, the supreme court held that the competence for an infant witness is measured by his or her intelligence rather than age, and whether the child possesses a sense of the obligation to tell the truth. Id. at 400. Lloyd further asserts that in making this determination the court should consider: (1) whether the infant witness has sufficient intelligence to receive a just impression of the events observed; (2) sufficient capacity to relate them correctly; and (3) appreciates the need to tell the truth.
The competency of a witness to testify is a determination left to the sound discretion of the trial court, and absent an abuse of discretion, the trial court's decision will not be disturbed. Lloyd v. State, 524 So.2d 396 (Fla.1988); Rutledge v. State, 374 So.2d 975, 979 (Fla.1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980); Begley v. State, 483 So.2d 70, 72 (Fla. 4th DCA 1986); In the Interest of M.A., 477 So.2d 47, 48 (Fla. 4th DCA 1985); Davis v. State, 348 So.2d 1228, 1229-1230 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 134 (Fla.1978).
In the case at bar, we find no abuse of that discretion. Under the two prong test in Lloyd, the child proved her intelligence by knowing her age, where she went to school, where she went to church and could identify the colors of people's clothing. Additionally, she met the second prong of the Lloyd test by showing she possessed a sense to tell the truth. She testified that she knew it was wrong to lie, and that people get into trouble for lying. Additionally, when asked by the judge, she agreed to answer questions as *201 truthfully as possible. From these responses, we find competent evidence to support the trial court's determination of competency and find no abuse of discretion.
The second issue raised by Baker is Judge Wild's jurisdiction to preside over the hearing. Baker points out that Judge Wild is a county court judge that had received several consecutive appointments as an acting circuit judge. These consecutive appointments, Baker argues, made him a de facto circuit court judge in violation of Article V, Section 10(b) and 11(b) of the Florida Constitution.
The decision on this issue is controlled by the supreme court's decision in Hon. Joe A. Wild v. Dozier, 672 So.2d 16 (Fla.1996), reversing our decision in Dozier v. Hon. Joe A. Wild, 659 So.2d 1103 (Fla. 4th DCA 1995). In Dozier, we certified the following question to the supreme court:
MAY A COUNTY COURT JUDGE BE ASSIGNED SUCCESSIVELY AND REPEATEDLY IN SIX MONTH ASSIGNMENTS OVER SEVERAL YEARS TO PRESIDE IN THE CIRCUIT COURT OVER HALF OF ALL FELONY CASES IN A COUNTY?
The supreme court answered the question in the affirmative, relying on the delegation authority of the chief judges of the judicial circuits. Under the supreme court's disposition in Dozier, we therefore affirm Judge Wild's jurisdiction to preside over this hearing.
Finally, Baker correctly asserts the trial court erred by failing to conform the written order to its oral pronouncement. The trial court orally found Baker had violated probation by committing a battery. The written order of revocation of probation, however, refers to the affidavit which alleged that Baker committed the greater offense of sexual battery.
This court has consistently held that oral pronouncements must emulate the written violation of probation order. Vann v. State, 441 So.2d 1174 (Fla. 4th DCA 1983); citing Chester v. State, 355 So.2d 509 (Fla. 2d DCA 1978); Baldasare v. State, 363 So.2d 612 (Fla. 2d DCA 1978). In light of this discrepancy, we remand with instructions to correct this error.
AFFIRMED IN PART AND REVERSED IN PART.
STONE and SHAHOOD, JJ., concur.