720 So.2d 580 (1998)
Richard SECCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3046.
District Court of Appeal of Florida, First District.
October 12, 1998.
*581 Nancy A. Daniels, Public Defender; Mark E. Walker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his convictions for sexual battery upon a child younger than age 12 and for a lewd, lascivious or indecent act upon a child, arguing that the trial court erroneously found that the child-victim was competent to testify, and that the dual convictions violated the prohibition against double jeopardy. He also challenges the sentencing guidelines scoresheet used to determine his sentence for the lewd-act conviction. We affirm.
This is the second time that this matter has been before us. In Seccia v. State, 689 So.2d 354 (Fla. 1st DCA 1997), we reversed appellant's convictions for sexual battery upon a child younger than age 12 and for a lewd, lascivious or indecent act upon a child, and remanded those charges for a new trial. Our decision was based upon our conclusion that the trial court had abused its discretion when it found that the child-victim was competent to testify based upon the voir dire that took place because the voir dire failed to establish either that the child had the ability to observe, recollect and narrate facts or that he had a moral sense of the duty to tell the truth. Id. at 356. Following the retrial, which again resulted in convictions, appellant again challenges the trial court's finding that the child-victim was competent to testify. However, this new challenge is based exclusively upon the claim that the voir dire failed to establish that the child had a moral sense of the duty to tell the truth.
The child, who was nearly eight years old at the time of the second trial, demonstrated that he knew the difference between the truth and a lie. He also stated that it was wrong to tell a lie, particularly in court, because "something bad" could happen; that one is punished when one lies; that one has an obligation to tell the truth, particularly in court; and that the judge would punish him if he did not tell the truth in court. Finally, he promised to tell the truth. Based upon the child's responses (which were considerably more positive, and less equivocal, than those given during the first trial) to the questions asked, and considering the child's age, we are unable to say that the trial court's finding constituted an abuse of discretion. See Baker v. State, 674 So.2d 199 (Fla. 4th DCA 1996) (the trial court did not abuse its discretion in finding that a 6-year-old child was competent based upon the child's testimony that she knew that it was wrong to lie, that one gets into trouble for lying, and that she would tell the truth).
Appellant next argues that his convictions for both sexual battery and a lewd act violate the prohibition against double jeopardy because both were based upon a single act, relying on cases such as Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994) (dual convictions for sexual battery and a lewd act are prohibited when they are both based upon the single act of touching a victim's vagina and then penetrating it). It is true that the offenses of lewd assault and sexual battery are mutually exclusive, and that the prohibition against double jeopardy precludes convictions for both based upon a single act. See State v. Hightower, 509 So.2d 1078 (Fla.1987). The line of cases upon which appellant relies is consistent with those rules of law because one cannot digitally penetrate a victim's vagina without, of necessity, also touching iti.e., only one act is involved. However, the lewd act with which appellant was charged here-fondling the victim-is not a necessary prerequisite to oral sex, which was the act upon which the sexual battery charge was based. In fact, in *582 this case the evidence was such that the jury could reasonably have concluded (as it apparently did) that two separate and distinct acts occurred. Accordingly, we find no merit to appellant's double jeopardy argument.
Appellant's third and final argument is that the trial court erred when it scored victim injury points attributable to the capital sexual battery on the guidelines scoresheet prepared for the lewd act conviction. The state correctly responds that this issue has not been preserved for review because it was not raised before the trial court by either a contemporaneous objection or a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) and, assuming that it is error, it is not fundamental. See, e.g., Williams v. State, 697 So.2d 164 (Fla. 1st DCA), review denied, 700 So.2d 689 (Fla. 1997); Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla. 1997). We decline appellant's invitation to address this issue as one involving ineffective assistance of counsel because to do so would effectively nullify the preservation requirement contained in section 924.051, Florida Statutes (1997). We do, however, certify apparent conflict with the recent decision in Mizell v. State, 716 So.2d 829, 23 Fla. L. Weekly D1978 (Fla. 3d DCA 1998) (correcting a sentencing error which was apparent on the face of the record but had not been preserved on the ground that the failure to preserve the error constituted ineffective assistance of counsel which might be raised on direct appeal).
AFFIRMED.
MINER, J. and SMITH, LARRY G., Senior Judge, concur.