PER CURIAM.
Carlos Flores appeals his judgment and sentence for the crime of Lewd and Lascivious Molestation. Flores argues that: (1) the trial court improperly found that the victim was competent to testify; (2) his right to confrontation was violated by the trial court allowing the victim to testify by one-way closed circuit; (8) his right to a public trial was violated; and (4) the trial court erred by entering judgment and sentence for a crime not charged. We affirm, writing only to address Flores’ contention that the trial court erred when it found the victim competent to testify.
A determination of a child’s competency to testify is reviewed according to an abuse of discretion standard. Baker v. State, 674 So.2d 199, 200 (Fla. 4th DCA 1996) (citing Lloyd v. State, 524 So.2d 396 (Fla.1988)).
When the court is evaluating a child’s competency, it applies a two-part test, based upon the child’s: (1) intelligence and (2) sense of obligation to tell the truth. Lloyd, 524 So.2d at 400. Here, the trial court found the child witness Y.T. competent to testify after applying the proper two-part test in Lloyd. When questioned, Y.T. knew and articulated sufficient facts to demonstrate her intelligence. Baker, 674 So.2d at 200-01. Y.T. went beyond the facts in Baker, establishing that she remembered and articulated facts that occurred a year before the competency hearing. Y.T. also demonstrated that she could remember details in connection with what she had done on the day of the hearing, her favorite subject in school, her older sister’s age and that she was in a higher grade in school. She knew what country she was born in, where her uncle lived, and the place where the pertinent events occurred. Finally, Y.T. testified that she knew it was wrong to lie and that people get into trouble for lying.
We also find no merit to Flores’ assertion that inconsistencies in Y.T.’s testimony demonstrate her inability to differentiate reality from fantasy. While some inconsistencies existed in Y.T.’s testimony, like the inconsistencies in Lloyd, they were largely immaterial. Lloyd, 524 So.2d at 400.
On the record before us, we conclude that the trial judge did a thorough evaluation of Y.T., and we find no abuse of discretion in its conclusion that Y.T. was competent to testify.

Affirmed.

MAY, C.J., DAMOORGIAN and CONNER, JJ., concur.