ALTENBERND, Judge.
Rolland A. Shultz appeals the postcon-vietion court’s order denying his petition for writ of habeas corpus, which the court properly treated as a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse the order on appeal and remand for entry of a revised sentence.
In 1978, when Mr. Shultz was sixteen years old, he committed a burglary with an assault and an attempted sexual battery. He was charged as an adult. In 1979, he pleaded guilty and was sentenced by Judge Harry Lee Coe to two years’ imprisonment for the attempted sexual battery, followed by lifetime probation for the burglary. Judge Coe entered an order expressly sentencing Mr. Shultz as a *1233 youthful offender.[1] Upon his release from prison, Mr. Shultz violated condition five of his probation in 1980, which at that time required a probationer to remain at liberty without violating any law. See Pass v. State, 486 So.2d 1062, 1063 (Fla. 2d DCA 1983). Judge Coe revoked his probation and sentenced him to ninety-nine years’ imprisonment. Nothing indicates that Mr. Shultz was convicted of any new substantive offense.
Mr. Shultz appealed the revocation and the resulting sentence. In 1982, this court affirmed the ninety-nine-year sentence, stating: “Appellant contends on appeal that his 99 year sentence for burglary should be vacated with instructions that he be resentenced as a youthful offender. This argument is without merit. State v. Goodson, 403 So.2d 1337 (Fla.1981).” Schultz v. State, 411 So.2d 892, 893 (Fla. 2d DCA 1982). Although we do not know what specific arguments were presented in that original appeal, Goodson does not directly discuss whether a defendant who was permissibly treated as a youthful offender under section 958.04(1), Florida Statutes (1979), must be resentenced as a youthful offender on a violation of probation.[2] In fact, at the time Mr. Shultz’s judgment and sentence became final in 1982, Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981), appears to be the only decision addressing what sentence may be imposed upon the revocation of a youthful offender’s community control. See generally State v. Barnum, 921 So.2d 513, 523 (Fla.2005) (“[I]n the absence of interdistrict conflict, decisions of the district courts represent the law of the state, binding all Florida trial courts.”).
In Brandle, the defendant was designated as a youthful offender and placed on probation for three years. 406 So.2d at 1221. After violating probation, the trial court revoked his probation and sentenced him to eight years’ imprisonment. Id. The Fourth District vacated his sentence of eight years’ imprisonment, holding that his “designation as a youthful offender ... requires that a subsequent period of incarceration be consistent with the limitations set forth in [section 958.05(2) ].” Id.; see also § 958.05, Fla. Stat. (Supp. 1978) (“If the court classifies a person a youthful offender, ... the court shall dispose of the criminal case as follows: ... [t]he court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program.”).
Thereafter, the Florida Supreme Court considered a case very similar to Mr. Shultz’s case. See State v. Arnette, 604 So.2d 482 (Fla.1992). The defendant, who was fifteen, pleaded guilty to armed burglary and false imprisonment. Id. at 483. He was designated as a youthful offender and received a sentence of four years’ imprisonment followed by two years’ community control. Id. When released, the de *1234 fendant violated his community control by committing a new law violation. Id. The trial court revoked his community control and resentenced him to life imprisonment. Id. The supreme court held that his sentence of life imprisonment imposed upon his violation and revocation of his community control was an illegal sentence. Id. at 484. Its decision was based on a legislative amendment that the court found to be a declaration of prior intent. Id.; see ch. 85-288, § 24, at 1821, Laws of Fla. This holding is consistent with the Fourth District’s decision in Brandle. In 1990, the legislature eliminated the six-year limitation for violations that were new substantive offenses. See § 958.14, Fla. Stat. (1990), amended by ch. 90-208, § 19, at 1161, Laws of Fla. But this amendment would not apply to Mr. Shultz.
Thus, at all times since the decision in Amette, it has been clear that the ninety-nine-year sentence imposed on Mr. Shultz was not a legal sentence. At the time of the revocation of Mr. Shultz’s probation, the trial court could only impose a sentence of up to six years’ imprisonment. See § 958.14, Fla. Stat. (1981) (“A violation ... of the terms of a community control program shall subject the youthful offender to the provision[ ] of [section 948.06(1) ].”); § 948.06(1), Fla. Stat. (1981) (“If such probation is revoked, the court shall ... impose any sentence which it might have originally imposed before placing the probationer on probation.”); Annette, 604 So.2d at 484 (holding that upon the revocation of a youthful offender’s community control, the trial court could impose a maximum sentence of six years’ imprisonment).
A motion pursuant to rule 3.800(a) can be filed at any time. For whatever reason, Mr. Shultz waited until 2012 to file his motion. The postconviction court denied the motion, reasoning only that the claim was barred by the “law of the case” because of the above-quoted language in our earlier opinion.
We are doubtful that the doctrine of law of the case applies in this case. “In our view, the law of the case doctrine is viable in those post-conviction proceedings wherein a defendant requests review of a specific claim of error which has been already raised and decided by an appellate court.” Raley v. State, 675 So.2d 170, 173 (Fla. 5th DCA 1996). From our earlier opinion and its reliance on Goodson, it is difficult to know what specific claim was made on behalf of Mr. Shultz or what law this court intended to establish.
Even assuming that the law of the case doctrine does apply, the case law recognizes rare exceptions to its rigid application in the case of some illegal sentences. This court has held that the law of the case doctrine will not bar relief in a rule 3.800(a) motion seeking to correct an illegal sentence that otherwise constituted a manifest injustice. See Lawton v. State, 731 So.2d 60, 61 (Fla. 2d DCA 1999). Even the writ of habeas corpus can occasionally be employed to obtain release from a sentence that results in a manifest injustice. See Haager v. State, 36 So.3d 883, 884-85 (Fla. 2d DCA 2010) (exercising the court’s inherent authority to grant a writ of habeas corpus to provide relief on a claim raised in a rule 3.800(a) motion, which would have otherwise been barred by the law of the case doctrine, to prevent a manifest injustice from occurring); see also Figueroa v. State, 84 So.3d 1158, 1162 (Fla. 2d DCA 2012) (holding that relief may be provided to prevent a manifest injustice “in the exercise of this court’s inherent authority to grant a writ a habeas corpus”). Mr. Shultz is serving a ninety-nine-year sentence when it has been clear for more than twenty years that his sentence could not lawfully have exceeded six *1235 years. If any sentencing error would qualify as a manifest injustice, this must surely be that error.
Accordingly, we reverse the postconviction court’s order and remand for the court to vacate Mr. Shultz’s sentence of life imprisonment and resentence him as a youthful offender to a term of imprisonment that does not exceed six years. This re-sentencing should entitle Mr. Shultz to release from prison.
CASANUEVA and VILLANTI, JJ., Concur.

. The term of probation exceeded the term permitted by statute. Section 958.05, Florida Statutes (Supp. 1978), generally limited a period of "probation in a community control program” to two years and contemplated a split sentence not to exceed four years’ imprisonment followed by two years’ community control. Apparently, Mr. Shultz did not challenge this sentence on direct appeal.

. In Goodson, the court held that section 958.04(2) mandated a youthful offender designation if certain statutory prerequisites applied. 403 So.2d at 1338-39. The court also held that the youthful offender designation was not mandatory if the offender had been found guilty of two or more contemporaneous felony convictions before sentencing. Id. at 1339-40.