PER CURIAM.
Appellant argues, in this appeal of an order adjudicating him a delinquent child, the trial judge erred in determining that the four year old alleged victim was competent to testify. Appellant also claims the trial judge erred in admitting child hearsay testimony through the child’s mother and a treating physician. Because we decide the first issue in favor of appellant, we need not reach these additional claims.
When the competency of a child witness is at issue, as it was here, the trial judge must determine whether the child is capable of observing, recohecting, and narrating facts, and whether the child has a moral sense of the duty to tell the truth. See Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA 1988); Lloyd v. State, 524 So.2d 396, 400 (Fla.1988). Here, the trial judge failed to conduct an adequate inquiry into whether the alleged child victim possessed a moral sense of duty to tell the truth prior to finding her competent to testify. Seccia v. State, 689 So.2d 354 (Fla. 1st DCA 1997) (reversing and remanding for a new trial when the trial judge failed to conduct a sufficient competency examination to establish a child witness was capable of observing, recollecting, and narrating facts, and had a moral sense of duty to tell the truth). Accordingly, we reverse appellant’s adjudication and remand for a new adjudicatory hearing.
REVERSED AND REMANDED.
BARFIELD, POLSTON and HAWKES, JJ., concur.