864 So.2d 464 (2003)
Otto BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2016.
District Court of Appeal of Florida, First District.
December 29, 2003.
*465 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of his conviction, following a jury trial, for capital sexual battery pursuant to section 794.011(2)(a), Florida Statutes (2001). Because the trial court abused its discretion when it found the alleged child victim competent to testify without first conducting an adequate competency examination, we are constrained to reverse the conviction, and to remand for a new trial.
In the leading case addressing testimonial competence of a child, our supreme court said that the "test" to be applied by the trial court includes whether the child (1) is capable of "receiv[ing] a just impression of the facts about which he or she is to testify"; (2) is capable of "relat[ing] them correctly"; and (3) "possesses a sense of obligation to tell the truth." Lloyd v. State, 524 So.2d 396, 400 (Fla. 1988). The court drew the third element of the test from its earlier opinion in Bell v. State, 93 So.2d 575, 577 (Fla.1957). Lloyd, 524 So.2d at 400. In Bell, the court explained that by "possess[ing] a sense of obligation to tell the truth" it meant that the child should possess "the spiritual and moral consciousness that should be the basic inducement to all witnesses to speak the truth." 93 So.2d at 577.
We followed Lloyd in Griffin v. State, 526 So.2d 752 (Fla. 1st DCA 1988), where, paraphrasing the court's language in Lloyd, we said:
[W]hen a child's competency is at issue, the trial court should consider (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth.
Id. at 753. We have consistently applied this test. See, e.g., Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991); Seccia v. State, 689 So.2d 354 (Fla. 1st DCA 1997); Delacruz v. State, 734 So.2d 1116 (Fla. 1st DCA 1999); S.C. v. State, 837 So.2d 1159 (Fla. 1st DCA 2003).
In this case, the alleged child victim was 4 years old when the offense was allegedly committed, and 5 when she testified at the trial. Having carefully reviewed the cursory questions asked by the trial court, we conclude that they were insufficient as a matter of law to permit a finding that the child was competent to testify. The few questions asked regarding the child's ability to observe and recollect facts strongly suggested that she was not. The same was true regarding the child's ability to narrate facts. Finally, the *466 only question which drew a response which might be said to bear on the child's "moral sense of the obligation to tell the truth" also suggested that she was not competent to testify. When asked whether it was good or bad to tell a lie, the child responded, "good." Accordingly, we conclude, further, that the trial court abused its discretion when it found the child competent to testify. Cf. Seccia v. State, 720 So.2d 580, 581 (Fla. 1st DCA 1998) (identifying the child's responses to questions posed, and concluding that they were sufficient to support the trial court's determination that the child possessed "a moral sense of the duty to tell the truth").
The state does not argue that, to the extent any such error occurred in this case, it is harmless. We are, nevertheless, obliged to conduct a harmless error inquiry. See, e.g., § 924.051(3), Fla. Stat. (2003) ("A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred"); § 924.33, Fla. Stat. (2003) ("No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant"). See also Goodwin v. State, 751 So.2d 537, 545 (Fla.1999) (stating that an appellate court must conduct a harmless error analysis "even when the State has not argued that the complained of error was harmless" and citing Heuss v. State, 687 So.2d 823 (Fla.1996)). Having reviewed the entire record, we are unable to "say beyond a reasonable doubt that the error did not affect the verdict." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). See also State v. Lee, 531 So.2d 133, 137 (Fla.1988) (explaining how the harmless error analysis is to be performed, and stating that "the focus of harmless error analysis must be the effect of the error on the trier of fact"). Here, the state commented at some length on the child's testimony during closing argument, and the jury had considerable difficulty reaching a verdict. Moreover, we are unable to divine what was in the jurors' minds when they ultimately reached a verdict, or how much weight they attributed to the child's testimony. For all of these reasons, we are unable to conclude that the error was harmless.
We are not insensitive to the fact that a new trial will place additional stress on the child and her family. This is truly unfortunate. However, the sentence for capital sexual battery is life in prison without the possibility of parole. § 775.082(1), Fla. Stat. (2001). Given this fact, we must be convinced that those in appellant's position receive a trial free from prejudicial error. While we affirm as to the other issues raised by appellant without discussion, because the trial court abused its discretion when it found the alleged child victim competent to testify without first conducting an adequate competency examination, we are constrained to reverse appellant's conviction, and to remand for a new trial.
REVERSED and REMANDED, with directions.
KAHN and VAN NORTWICK, JJ., concur.