[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

No. 10-10607
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cv-00403-TJC-TEM

JERRY MEANS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,
PAUL DECKER, Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Means, a state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. In his petition, Means asserted several claims for relief, including that (1) there was insufficient evidence to support his conviction, and (2) his counsel was ineffective for failing to challenge on direct appeal the trial court's finding that the victim was competent to testify. The district court granted a certificate of appealability only as to the ineffective assistance claim, and we expanded the certificate of appealability to include the insufficient evidence claim.

## I.

On appeal, Means first argues that the evidence at trial was insufficient to support his conviction for sexual battery upon a child less than 12 years of age. Specifically, he asserts that the evidence consisted solely of the inconsistent testimony and out-of-court statements of his alleged victim, and that the state failed to prove essential elements of the crime charged. Accordingly, he contends that the state court unreasonably applied the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)—as interpreted by state and federal courts—thus entitling him to relief under 28 U.S.C. § 2254(d). Alternatively, he argues that § 2254(d) does not apply where the state court failed to cite to controlling Supreme Court precedent or to make explicit factual findings,

2

and thus that he is entitled to relief even if the state court reasonably misapplied the *Jackson* standard.

When considering a district court's denial of a § 2254 petition, we review the district court's factual findings for clear error and its legal determinations *de novo*. *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 907 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1141 (2010). At the same time, however, we are essentially reviewing a state court's decision on the issue. *Putman v. Head*, 268 F.3d 1223, 1240 (11th Cir. 2001). Thus, pursuant to § 2254(d), we will not grant habeas relief on a state prisoner's claim that was denied on the merits in state court unless the state court decision: "'(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 1240-41 (quoting 28 U.S.C. § 2254(d)) (emphasis added). The Supreme Court recently reiterated that § 2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent. *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 784 (2011).

The Supreme Court has further explained that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have "independent meaning."

3

*Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519 (2000). Specifically, a state court decision is "contrary to" clearly established federal law if it "contradicts [the Supreme] Court on a settled question of law or holds differently than did that Court on a set of materially indistinguishable facts." *Green v. Nelson*, 595 F.3d 1245, 1248 (11th Cir.), *cert. denied*, 131 S. Ct. 827 (2010). On the other hand, a decision is an unreasonable application of clearly established federal law if it "identifies the correct governing legal principle as articulated by the United States Supreme Court, but unreasonably applies that principle to the facts of the petitioner's case." *Id.* "In other words, it is one that 'unreasonably extends [the] principle . . . to a new context where it should not apply or unreasonably refuses to extend [it] to a new context where it should apply.'" *Id.* (quoting *Williams*, 529 U.S. at 407, 120 S. Ct. at 1520). Importantly, clearly established federal law is *not* the case law of the lower federal courts, including our decisions, but rather "refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *Putman*, 268 F.3d at 1241 (quotation and alteration omitted).

The Supreme Court's decision in *Jackson v. Virginia* provides the federal due process benchmark for evidentiary sufficiency in criminal cases. *See Green*, 595 F.3d at 1252. Under that benchmark, "the relevant question is whether, after

4

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Substantively, the Florida offense of sexual battery on a child under 12 years of age involves "oral, anal, or vaginal penetration by, or union with, the sexual organ" of such child by a person over 18 years of age. Fla. Stat. § 794.011(1)(h), (2)(a). The "union with" language in the statute permits a conviction based on contact with the relevant portion of anatomy, whereas "penetration" requires some entry into the relevant part, however slight. *Seagrave v. State*, 802 So. 2d 281, 287 n.7 (Fla. 2001). Thus, "[i]t is illegal for a man to touch the mouth, anus or vagina of the victim with his penis." *Richards v. State*, 738 So. 2d 415, 418 (Fla. 2d Dist. Ct. App. 1999).

In the instant case, Means's contention that the district court erred by choosing to apply the § 2254(d) analysis is without merit, since that analysis applies even to summary opinions. In applying the analysis, the district court correctly found that the state court reasonably applied the *Jackson* standard,

5

because there was a sufficient basis in the record for concluding that the inconsistencies in the victim's statements were attributable to her age. The state appellate court explicitly found that EC was "remarkably consistent" in describing Means's conduct and our review of the evidence supports that finding. Although she was sometimes inconsistent in describing the details of the incident, her overall account was not. Accordingly, a rational trier of fact could have found the essential elements of sexual battery beyond a reasonable doubt.

II.

Second, Means argues that the district court erred in denying his ineffective assistance claim because the Florida habeas court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Specifically, he asserts that his counsel was constitutionally ineffective in failing to appeal the trial court's determination that his alleged victim was competent to testify. He further contends that the district court was required to conduct an independent evidentiary hearing on his ineffective assistance claim because he was not permitted to adequately develop the record in state court.

An ineffective assistance claim presents a mixed question of law and fact, which we review *de novo*. *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 906 (2011). In the context of an ineffective assistance

6

claim raised in a § 2254 petition, the inquiry turns upon whether the state decision was contrary to or an unreasonable application of *Strickland*. *See Woodford v. Visciotti*, 537 U.S. 19, 22, 24-25, 123 S. Ct. 357, 358-60 (2002). Thus, "[i]n addition to the deference to counsel's performance mandated by *Strickland*, the AEDPA adds another layer of deference—this one to a state court's decision—when we are considering whether to grant federal habeas relief from a state court's decision." *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004). Notably, where "the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007).

To prevail on an ineffective assistance claim, a defendant must demonstrate both: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Notably, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Id.* at 697, 104 S. Ct. at 2069.

The performance prong of the ineffective assistance standard entails a deferential review of counsel's conduct. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593

7

F.3d 1217, 1240 (11th Cir.), *cert denied*, 131 S. Ct. 177 (2010). "In assessing the reasonableness of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quotation omitted). Thus, the Sixth Amendment does not require criminal defense attorneys to take a "nothing to lose" approach and "raise every available nonfrivolous defense." *Knowles v. Mirzayance*, 556 U.S. ___, ___, 129 S. Ct. 1411, 1419, 1422 (2009).

With respect to prejudice, courts ask whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In the context of a claim that counsel was ineffective on appeal, "the court must first perform a review of the merits of the omitted or poorly presented claim." *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991) (quotation and alteration omitted). The defendant carries his burden of establishing prejudice if the court finds that the neglected claim would have had a reasonable probability of success on appeal. *See id.*

Substantively, under Florida law, the competency of a child witness is assessed based on: "(1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a

8

jury, and (3) whether the child has a moral sense of the obligation to tell the truth." *Griffin v. State*, 526 So. 2d 752, 753 (Fla. 1st Dist. Ct. App. 1988). This inquiry is "one that must be announced on the record and it must be supported by findings of fact." *Barton v. State*, 704 So. 2d 569, 574 (Fla. 1st Dist. Ct. App. 1997). Further, the trial court is obligated to make an "adequate inquiry" concerning the child's sense of duty to tell the truth. *S.C. v. State*, 837 So. 2d 1159, 1160 (Fla. 1st Dist. Ct. App. 2003). In reviewing a trial court's competency determination, Florida appellate courts consider "the entire context of [a witness's] testimony and whether [that] testimony is corroborated by other evidence." *Bennett v. State*, 971 So. 2d 196, 201 (Fla. 1st Dist. Ct. App. 2007). Notably, we have recognized that state courts are the final arbiters of state law and that their conclusions should not be second-guessed by federal courts. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (denying habeas relief where a state court had explicitly found that the petitioner's unraised state-law claim lacked merit).

Even assuming that the failure to appeal the competency determination by Means's appellate counsel fell below an objective standard of reasonableness, the Florida habeas court's denial of this claim was nevertheless reasonable in light of *Strickland*'s prejudice prong. The trial record provides a sufficient basis for concluding that the victim was competent to testify under state law, since there

9

was evidence showing that she could recall facts and that she had a sense of duty to tell the truth. Accordingly, the district court did not err in denying Means's § 2254 petition without first holding an evidentiary hearing.

Based on a review of the record and the parties' briefs, we affirm the district court's decision.

**AFFIRMED.**[1]

---

[1] Means's motion to supplement the record is DENIED. Means's motion for leave to amend his initial brief is GRANTED.